March 29, 2024

Re:  *Raanan* v. *Binance Holdings Limited*, No. 24 Civ. 00697 (JGK) (S.D.N.Y.)

Dear Judge Koeltl:

Pursuant to Section I.F of Your Honor's Individual Practices and the Court's March 4, 2024 Order (ECF No. 12), Defendants Binance Holdings Limited ("BHL") and Changpeng Zhao ("Zhao"; and together with BHL, the "Moving Defendants") and Plaintiffs respectfully submit this letter to jointly request the Court's authorization to proceed to brief the Moving Defendants' anticipated motion to dismiss the Complaint ("Compl."). ECF No. 1.

While Plaintiffs and the Moving Defendants disagree about whether the Complaint's allegations are sufficient to survive a motion to dismiss, these parties agree that it is appropriate for the Moving Defendants to file a motion to dismiss for the Court's consideration and have stipulated to a briefing schedule for that motion, which the Court has so-ordered. ECF No. 12. Accordingly, rather than explaining why motion practice is appropriate, this letter provides a brief overview of the Complaint's allegations and each side's likely arguments in support of or in opposition to the motion to dismiss.[1]

## The Complaint's Allegations

The Complaint alleges that Plaintiffs are victims or represent victims of the heinous attacks perpetrated by Hamas and other terrorist groups in the State of Israel on and following October 7, 2023. (Compl. ¶¶ 1-2, 14-23). By the Complaint, Plaintiffs seek damages from the Moving Defendants[2] resulting from those attacks under the civil liability provisions of the Anti-Terrorism Act ("ATA"), based on claims alleging that the Moving Defendants: (i) aided and abetted designated foreign terrorist organizations in violation of 18 U.S.C. § 2333(d) (Count 1); (ii) provided material support to terrorists in violation of 18 U.S.C. §§ 2333(a), 2339A (Count 2); and (iii) provided material support to foreign terrorist organizations in violation of 18 U.S.C. §§ 2333(a), 2339B(a)(1) (Count 3).

## The Moving Defendants' Anticipated Motion to Dismiss Arguments

The Moving Defendants (and their attorneys) unequivocally condemn and abhor all acts of terrorism, including the attacks of October 7. But BHL and Mr. Zhao have nothing to do with Hamas' terrorist activities, let alone the October 7 attacks, and neither is liable for any of the unspeakable harm that the terrorists caused.

*First*, the Moving Defendants intend to move to dismiss under Federal Rule of Civil Procedure 12(b)(6) because the Complaint fails to state a plausible claim upon which relief can be granted against them. Plaintiffs' claims against the Moving Defendants are based on the allegation that BHL knowingly processed transactions associated with Hamas and the Palestinian Islamic Jihad ("PIJ") via the Binance.com exchange. (*See, e.g.*, Compl. ¶¶ 145 (alleging transactions "between Binance users and users with Hamas ties"), 151 (alleging knowledge of "accounts associated with ISIS and Hamas"), and 153 (alleging knowledge of accounts associated with the

---

[1] The parties reserve the right to make additional arguments in support of or in opposition to the Moving Defendants' anticipated motion to dismiss.

[2] There are two other Defendants: the Islamic Republic of Iran and the Syrian Arab Republic. The Moving Defendants set forth that they are in no way associated with either.

PIJ).) That allegation is insufficient to sustain Plaintiffs' aiding and abetting claim because it fails to satisfy, as is Plaintiffs' burden, either the "general awareness" or "substantial assistance" requirements for imposing secondary ATA liability. *See, e.g.*, *Twitter, Inc.* v. *Taamneh*, 598 U.S. 471, 491 (2023) (explaining that that aiding and abetting law has long recognized that "mostly passive actors like banks" should not be "liable for all of their customers' crimes by virtue of carrying out routine transactions"); *Kaplan* v. *Lebanese Canadian Bank, SAL*, 999 F.3d 842, 860 (2d Cir. 2021) ("[K]nowingly providing material support to [a foreign terrorist organization], without more, does not as a matter of law satisfy the general awareness element."). Likewise, Plaintiffs cannot plead a viable claim for primary ATA liability because the Complaint does not and cannot plead facts suggesting that the Moving Defendants either committed the October 7 attacks or proximately caused those attacks. *See O'Sullivan* v. *Deutsche Bank AG*, 2019 WL 1409446, at *4 (S.D.N.Y. Mar. 28, 2019).

*Second*, the Moving Defendants will also move to dismiss under Rule 12(b)(2) because the Complaint fails to plead sufficient facts to establish a *prima facie* showing of general or specific personal jurisdiction over them. *See Penguin Group (USA) Inc.* v. *American Buddha*, 609 F.3d 30, 34-35 (2d Cir. 2010).

### The Plaintiffs' Anticipated Motion to Dismiss Responses

Plaintiffs set forth that the Complaint should survive the Moving Defendants' anticipated motion to dismiss. The Moving Defendants' anticipated motion to dismiss should fail for numerous reasons.

*First* and as to the Moving Defendants' Rule 12(b)(6) arguments, the Complaint sufficiently alleges claims under the ATA against the Moving Defendants. Contrary to what the Moving Defendants maintain above, the Complaint does not merely allege that BHL knowingly processed transactions associated with Hamas and the PIJ via the Binance.com exchange. Rather, the Complaint alleges that the Moving Defendants knowingly provided—in the years leading up to the October 7 attacks and at least until July 2023—substantial assistance and material support to Hamas by: (i) enabling the transfer, in knowing violation of U.S. law, of significant sums of money to Hamas, PIJ, and their agents by way of the Binance.com exchange; (ii) deliberately failing to report these transfers to the U.S. government, in violation of U.S. law; (iii) maintaining bank accounts or other financial accounts, or hosting transactions involving cryptocurrency exchange wallets, for the benefit of Hamas, PIJ, their front organizations, and its senior operatives; (vi) providing Hamas and PIJ with access to U.S. dollars and the U.S. banking system; (v) providing seeming legitimacy to Hamas and PIJ's efforts to raise funds to finance its operations and to compensate terrorists and their family members following terrorist attacks; and (vi) enabling Hamas and PIJ to access funds that could foreseeably be used to commit terrorist attacks. (Compl. ¶¶ 145-46, 149-50, 152-56, 180-83, 190). Zhao, as BHL's founder, majority owner, and, at all relevant times, its CEO, directed and oversaw this misconduct. (Compl. ¶¶ 33, 102, 108-16, 132-42, 157). Indeed, the Complaint alleges that the Moving Defendants' entering into comprehensive settlements with the DOJ, U.S. Attorney's Office for the Western District of Washington, FinCEN, OFAC, and the CFTC was in part because of this alleged misconduct by which the Moving Defendants knowingly allowed Hamas-related entities to operate and freely transfer money on Binance.com, substantially assisting and providing material support to Hamas in funding its operations and thereby carrying out the October 7 attacks. (Compl. ¶¶ 158-73, 181-83). Such allegations give rise to cognizable claims under the ATA. *See Zobay v. MTN Grp. Ltd.*, 2023 WL 6304961, at *31 (E.D.N.Y. Sept. 28, 2023) (recognizing that a secondary actor's allowing the

transfer of millions of dollars over a period of several years to a terrorist organization was sufficient for a finding of knowing and substantial assistance under the ATA); *Bonacasa v. Standard Chartered PLC*, 2023 WL 7110774, at *11 (S.D.N.Y. Oct. 27, 2023) (tailoring financial products to terrorist organization's needs was substantial assistance).

*Second* and as to the Moving Defendants' Rule 12(b)(2) arguments, the Complaint sufficiently alleges personal jurisdiction over the Moving Defendants. Specifically, the Complaint sufficiently alleges that Plaintiffs' claims against the Moving Defendants arise from the Moving Defendants' conduct and operations in New York and/or the United States. (Compl. ¶ 9). For example, Binance's largest clients, so-called "VIPs," who functioned as BHL's key market makers, were headquartered in and directed trading from New York, providing Binance with the critical liquidity and legitimacy it needed to operate as an unregulated marketplace tailored for Hamas' needs. (Compl. ¶¶ 9, 107-09). Likewise, Binance purposefully availed itself of New York's banking system, maintaining accounts at New York-based Signature Bank and issuing, in conjunction with a New York-based trust company, a U.S. dollar-backed stablecoin, which in turn was maintained in New York and for which Binance sought New York DFS approval, and the circulation value and associated profits further allowed BHL to operate as an unregulated marketplace to Hamas' benefit. (Compl. ¶¶ 9, 110, 117-18). Moreover and on information and belief, the virtual currency trades on Binance.com included trades on behalf of customers located in New York. (Compl. ¶¶ 11, 106). These allegations are sufficient to establish personal jurisdiction over BHL. *See Licci v. Lebanese Canadian Bank*, 732 F.3d 161, 171-172 (2d Cir 2013) (that foreign defendant used bank account located in jurisdiction as an instrument of the alleged wrongdoing was sufficient for the court to exercise personal jurisdiction); *Strauss v. Credit Lyonnais, S.A.*, 175 F. Supp. 3d 3, 29 (E.D.N.Y. 2016) (personal jurisdiction over foreign bank was appropriate where bank conducted business in New York and allegedly used New York's banking system to support a terrorist organization). Additionally and in part because BHL has stated that it does not have a corporate headquarters and refuses to disclose the location of its Binance.com exchange (Compl. ¶ 30), the Court may exercise personal jurisdiction over BHL pursuant Rule 4(k)(2). As to Zhao, a Canadian citizen, because he personally oversaw and directed the alleged misconduct that occurred in New York (Compl. ¶¶ 12, 111-16), the Court's exercising personal jurisdiction over him is appropriate under New York's long-arm statute and Rule 4(k)(2). *See In re Terrorist Attacks on Sept. 11, 2001*, 718 F. Supp. 2d 456, 484 (S.D.N.Y. 2010) (noting that a court has personal jurisdiction over a corporate officer in an ATA case where the corporate office was personally involved in the conduct that is the subject of the litigation); *Grp. One Ltd. v. GTE GmbH*, 523 F. Supp. 3d 323, 336 (E.D.N.Y. 2021) (citing authorities for the proposition that a court should exercise personal jurisdiction over a corporate officer where that officer personally engaged in conduct that is related to the transaction that underlies the claims).

## Conclusion

For the reasons set forth above, Plaintiffs and the Moving Defendants jointly request authorization to proceed to brief the Moving Defendants' anticipated motion to dismiss in accordance with the briefing schedule that was so-ordered by the Court's March 4 Order.

We appreciate Your Honor's attention to this matter and remain available at the Court's convenience.

Respectfully submitted,

/s/ Amiad Kushner
SEIDEN LAW LLP
Robert W. Seiden
Amiad Kushner
Jake Nachmani
Jennifer H. Blecher
Dov B. Gold

322 Eighth Avenue, Suite 1200
New York, New York 10001
(646) 766-1914

*Attorneys for Plaintiffs*

PERLES LAW FIRM, P.C.
Steven R. Perles
Joshua K. Perles
Edward B. MacAllister

816 Connecticut Avenue, NW, 12th Floor
Washington, D.C. 20006
(202) 955-9055

*Attorneys for Plaintiffs*

/s/ Samson A. Enzer
CAHILL GORDON & REINDEL LLP
Samson A. Enzer
Anirudh Bansal
Sesi Garimella
Lauren A. Riddell

32 Old Slip
New York, New York 10005
(212) 701-3125

*Attorneys for Binance Holdings Limited and Changpeng Zhao*

**VIA ECF**

The Honorable John G. Koeltl
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

4