# SEIDEN | LAW

August 6, 2024

**VIA ECF AND EMAIL**
Hon. John G. Koeltl
United States District Judge
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007

      Re: *Raanan et al. v. Binance Holdings Limited et al.*, 1:24-cv-00697-JGK (S.D.N.Y)

Dear Judge Koeltl:

We represent Plaintiffs in the above-referenced action against Defendants Binance Holdings Limited ("Binance") and Changpeng Zhao ("Zhao"; and together with Binance, "Defendants"). Pursuant to Rules I.A, I.F, and II.B of Your Honor's Individual Practices and Rules 7.1(d) and 37.2 of the S.D.N.Y.'s Local Rules, we write to request a pre-motion conference in connection with Plaintiffs' anticipated motion for jurisdictional discovery ("Motion").[1]

**I.**      <u>**Plaintiffs Established A Prima Facie Showing Of Personal Jurisdiction**</u>

On a FRCP 12(b)(2) motion, a plaintiff must merely "make a prima facie showing that jurisdiction exists." *Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 167 (2d Cir. 2013). A court construes the pleadings "in the light most favorable to plaintiffs, resolving all doubts in their favor." *Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163 (2d Cir. 2010). While Plaintiffs have made their prima facie showing that jurisdiction exists over Defendants, Plaintiffs seek the relief requested in the Motion *only* if the Court finds that Plaintiffs must offer more details about Defendants' secret financial transactions to establish personal jurisdiction.

The FAC makes its prima facie jurisdictional showing in two ways. Pl. Br. at 19-22. *First*, the Court has personal jurisdiction over Defendants pursuant to CPLR 302(a) because Defendants, through their soliciting and servicing customers in New York (including "VIP" trading firms operating in New York), transacted business in New York, and Plaintiffs' claims sufficiently arise from Defendants' New York-based activities. Pl. Br. at 19-21; ¶¶11, 13, 15, 68-70, 154, 157, 174-81. *Second*, and as an alternative to CPLR 302(a), the Court has personal jurisdiction over Defendants pursuant to FRCP 4(k)(2) because: (i) Defendants waived service; (ii) if New York's long-arm statute does not confer jurisdiction (and it should), Defendants are not subject to jurisdiction within any state; and (iii) Defendants waived any argument as to whether 4(k)(2) would violate their due process (and it would not). Pl. Br. at 21-22.

---

[1] Capitalized terms not defined herein have the same meanings as ascribed to them in Plaintiffs' First Amended Complaint (ECF 17, "FAC") and Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss (ECF 29, "Plaintiffs' Brief"). References to "¶" are paragraphs of the FAC; references to "Pl. Br.," "Def. Br.," and "Reply Br." are to Plaintiffs' Brief, Defendants' Memorandum of Law in Support of their Motion to Dismiss (ECF 19), and Defendants' Reply Memorandum of Law in Support of their Motion to Dismiss (ECF 28), respectively. All emphasis is added; all internal quotations and citations are omitted.

II.     **Without A Prima Facie Showing, Jurisdictional Discovery Is Warranted**

"[E]ven where [a] plaintiff has not made a prima facie showing of personal jurisdiction," it is "well settled under Second Circuit law that … a court may still order discovery, in its discretion, when it concludes the plaintiff *may be able to establish jurisdiction if given the opportunity to develop a full factual record*." *Davey v. PK Benelux B.V.*, 2021 WL 3501199, at *1 (S.D.N.Y. Aug. 6, 2021). Such discovery is appropriate upon "a threshold showing that there is *some basis for the assertion of jurisdiction*." *Blockchain Mining Supply & Servs. Ltd. v. Super Crypto Mining, Inc.*, 2020 WL 7128968, at *1 (S.D.N.Y. Dec. 4, 2020). A plaintiff's "*sufficient start*" towards making this prima facie warrants jurisdictional discovery. *City of Almaty v. Ablyazov*, 278 F. Supp. 3d 776, 809 (S.D.N.Y. 2017). In weighing whether to permit discovery, a court "should take care to give the plaintiff *ample opportunity to secure and present evidence relevant to the existence of jurisdiction*." *APWU v. Potter*, 343 F.3d 619, 627 (2d Cir. 2003).

At a minimum, Plaintiffs have made a sufficient start towards their prima facie jurisdictional showing. Plaintiffs have demonstrated that their claims "arise from" Defendants' New York activities because Defendants deliberately solicited and did business with "VIP" "market-maker" customers located in New York in order to provide Binance with the existentially-necessary liquidity required for it to function as a cryptocurrency platform. ¶¶11-13, 17, 68-69, 72, 158, 174-81. Likewise, Defendants deliberately hid their New York activities from Binance's regulators, allowing Binance to operate without the requisite government oversight, thereby ensuring that Binance could function as a cryptocurrency platform uniquely tailored for criminal and terrorist usage. ¶¶16, 68-69, 72, 180-231. Indeed, Defendant Zhao admitted that Defendants were obligated to report their users' data in accordance with anti-terrorism laws, such that a terrorist attack was the foreseeable consequence of Defendants' failing to provide that information. ¶221. These "specific, non-conclusory facts … if further developed, could demonstrate substantial [New York] contacts," warranting jurisdictional discovery. *Henkin v. Charity*, 2023 WL 2734788, at *11 (E.D.N.Y. Mar. 31, 2023) (ordering jurisdictional discovery because plaintiffs "pleaded facts which could support a colorable claim of jurisdiction"; such discovery would "enable the plaintiffs to determine whether there are additional facts that would permit the Court to determine whether there is personal jurisdiction under the first prong of § 302(a)(1) and whether exercising personal jurisdiction would comport with due process.").

Defendants assert that Plaintiffs' claims do not arise from New York activities because Defendants' New York customers purportedly did not fund the Attacks and Defendants did not operate from New York. Def. Br. at 20-21; Reply Br. at 9-10. Defendants' position fails, as CPLR 302(a) does not require a strict nexus between the New York activities and the claims; CPLR 302(a) merely requires "*some articulable nexus* between the business transacted and the cause of action sued upon." *Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 103 (2d Cir. 2006). In other words, "*a relatedness between the transaction and the legal claim such that the latter is not completely unmoored from the former*[.]" *Licci v. Lebanese Canadian Bank*, 20 N.Y.3d 327, 339 (2012). The FAC's allegations do far more. *See In re Tether & Bitfinex Crypto Asset Litig.*, 576 F. Supp. 3d 55, 88 (S.D.N.Y. 2021) (prima facie jurisdictional showing based on "substantial relationship" between defendant's opening New York bank accounts containing U.S. dollar reserves and crypto manipulation claim because existence of reserves "was a critical component of the illicit scheme," and scheme could not have operated with unbacked USDT).

Moreover, Defendants' assertions as to which of Binance's clients funded the attack and from where it operated when it provided financial services to Hamas and PIJ (Def. Br. at 20-21; Reply Br. at 9-10) give rise to issues of fact that themselves warrant jurisdictional discovery. *See Davey*, 2021 WL 3501199, at *3 (defendant's argument that its New York business was too small to confer jurisdiction warranted jurisdiction discovery because, without such discovery, plaintiffs would be unable to plausibly allege the true scope of defendant's New York business).

Plaintiffs have likewise made, at a minimum, a sufficient start towards establishing jurisdiction pursuant to Rule 4(k)(2). ¶¶65, 142; Pl. Br. at 21-22. Defendants challenge jurisdiction under 4(k)(2), maintaining that Plaintiffs cannot assert both jurisdiction in New York and jurisdiction pursuant to 4(k)(2). Def. Br. at 22. However, because Plaintiffs are allowed to plead 4(k)(2) as an alternative jurisdictional basis (Pl. Br. at 21-22; citing authorities), this Court's precedent holds that Defendants must designate where this suit *can* be brought or declare that they are not subject to personal jurisdiction in any U.S. state. *See RegenLab USA LLC v. Estar Techs. Ltd.*, 335 F. Supp. 3d 526, 555 (S.D.N.Y. 2018) (ordering accordingly). Defendants have failed to do so. And they should be required to, as discovery into Defendants' contacts (or lack thereof) with other forums can establish the applicability of 4(k)(2).[2]

### III. The Scope Of Plaintiffs' Motion For Jurisdictional Discovery

Plaintiffs request a pre-motion conference to set forth the scope of their anticipated discovery: (i) Defendants' New York activities and specifically those activities from which Plaintiffs' claims arise; and (ii) Defendants' contacts with all fifty U.S. states. Should Defendants oppose Plaintiffs' Motion, Defendants should be required to affirmatively designate where this suit can be brought or declare that they are not subject to jurisdiction in any forum. If the Court schedules oral argument on Defendants' Motion to Dismiss, at that oral argument, Plaintiffs will be prepared to engage in this requested pre-motion conference or further set forth their bases for why the Court should grant Plaintiffs' Motion.

Respectfully submitted,

 */s/ Jake Nachmani*
**SEIDEN LAW LLP**  
Robert W. Seiden  
Amiad Kushner  
Jake Nachmani  
Jennifer Blecher  
Dov Gold  
322 Eighth Avenue, Suite 1201  
New York, NY 10001  
(212) 523-0686  

**PERLES LAW FIRM, P.C.**  
Steven R. Perles  
Joshua K. Perles  
Edward B. Macallister  
816 Connecticut Avenue, NW  
12th Floor  
Washington, D.C. 20006  
(202) 955-9055  

*Attorneys for Plaintiffs*

cc: All counsel of record (via ECF)

---

[2] On Reply, Defendants, for the first time and therefore improperly, contended that application of 4(k)(2) would violate due process. Reply Br. at 10. The Court should disregard Defendants' newly-raised argument. Pl. Br. at 21.