# CAHILL GORDON & REINDEL LLP
## 32 OLD SLIP
## NEW YORK, NY 10005

| | | | | |
|---|---|---|---|---|
| DANIEL R. ANDERSON | HELENA S. FRANCESCHI | TELEPHONE: (212) 701-3000 | JOHN MacGREGOR | ANDREW SCHWARTZ |
| PETER J. ARMENIO | JOAN MURTAGH FRANKEL | WWW.CAHILL.COM | TRISTAN E. MANLEY | DARREN SILVER |
| HELENE R. BANKS | JONATHAN J. FRANKEL | ——— | BRIAN T. MARKLEY | JOSIAH M. SLOTNICK |
| ANIRUDH BANSAL | SESI GARIMELLA | | MEGHAN N. McDERMOTT | RICHARD A. STIEGLITZ JR. |
| LANDIS C. BEST | ARIEL GOLDMAN | 1990 K STREET, N.W. | WILLIAM J. MILLER | GREGORY STRONG |
| CHRISTOPHER BEVAN | PATRICK GORDON | WASHINGTON, DC 20006-1181 | EDWARD N. MOSS | SUSANNA M. SUH |
| BROCKTON B. BOSSON | JASON M. HALL | (202) 862-8900 | JOEL MOSS | SEAN R. TIERNEY |
| DONNA M. BRYAN | STEPHEN HARPER | | NOAH B. NEWITZ | AMIT TREHAN |
| SARAH W. CHEN | CRAIG M. HOROWITZ | 221 W. 10th STREET, 3rd FLOOR | WARREN NEWTON § | JOHN A. TRIPODORO |
| EMEKA C. CHINWUBA | TIMOTHY B. HOWELL | WILMINGTON, DE 19801 | JULIANA OBREGON | HERBERT S. WASHER |
| JAMES J. CLARK | COLLEEN TRACY JAMES | (302) 884-0000 | JAVIER ORTIZ | FRANK WEIGAND |
| CHRISTOPHER W. CLEMENT | DAVID G. JANUSZEWSKI | | DAVID R. OWEN | MICHAEL B. WEISS |
| LEWIS RINAUDO COHEN | JAKE KEAVENY | CAHILL GORDON & REINDEL (UK) LLP | JOHN PAPACHRISTOS | MILES C. WILEY |
| AYANO K. CREED | BRIAN S. KELLEHER | 20 FENCHURCH STREET | LUIS R. PENALVER | PETER G. WILLIAMS |
| SEAN M. DAVIS | RICHARD KELLY | LONDON EC3M 3BY | SHEILA C. RAMESH | DAVID WISHENGRAD |
| STUART G. DOWNING | CHÉRIE R. KISER ‡ | +44 (0) 20 7920 9800 | MICHAEL W. REDDY | C. ANTHONY WOLFE |
| ADAM M. DWORKIN | JOEL KURTZBERG | ——— | OLEG REZZY | ELIZABETH M. YAHL |
| ANASTASIA EFIMOVA | TED B. LACEY | WRITER'S DIRECT NUMBER | THOMAS ROCHER * | |
| SAMSON A. ENZER | ANDREW E. LEE | | PETER J. ROONEY | * ADMITTED AS A SOLICITOR IN ENGLAND AND WALES ONLY |
| JAMES Z. FANG | ALIZA R. LEVINE | (212) 701-3125 | MATTHEW E. ROSENTHAL | ‡ ADMITTED IN DC ONLY |
| GERALD J. FLATTMANN JR. | JOEL H. LEVITIN | | THORN ROSENTHAL | § ADMITTED AS AN ATTORNEY IN THE REPUBLIC OF SOUTH AFRICA ONLY |
| KIERSTEN A. FLETCHER | MARK LOFTUS | | TAMMY L. ROY | |

August 9, 2024

**VIA ECF**
Hon. Barbara Moses
United States Magistrate Judge
United States District Court, Southern District of New York
500 Pearl Street, Room 740
New York, NY 10007

   *Re: Raanan et al.* **v.** *Binance Holdings Limited et al., 1:24-cv-00697-JGK (S.D.N.Y)*

Dear Judge Moses:

   We represent Defendants Binance Holdings Limited and Changpeng Zhao in the above-captioned matter. We write pursuant to the Court's August 8, 2024 Order (ECF No. 32) and in response to Plaintiffs' August 6, 2024 letter (ECF No. 30) (the "Letter") seeking a pre-motion conference to request jurisdictional discovery.[1]

   Plaintiffs' request for a pre-motion conference is premature. Defendants' motion to dismiss for lack of personal jurisdiction and on the merits (ECF No. 18) has been fully-briefed since August 2, 2024. That motion will resolve a number of issues related to Plaintiffs' request for jurisdictional discovery, including whether Plaintiffs have made the required threshold showing of jurisdiction—which they have not. *Louisiana Health Service & Indemnity Co.* v. *Celgene Corp.*, 2024 WL 3342603, at *1 (S.D.N.Y. July 9, 2024) ("[I]f the plaintiff has failed to establish a prima facie case for personal jurisdiction, jurisdictional discovery is generally not granted."). Plaintiffs' own letter concedes that the issue of jurisdictional discovery is not yet ripe by stating that they "seek the relief requested in the Motion *only* if the Court finds that Plaintiffs must offer more details about Defendants' secret financial transactions to establish personal

---

[1] Unless otherwise noted, capitalized terms not defined herein have the same meanings as ascribed to them in Defendants' Memorandum of Law in Support of Their Motion to Dismiss (ECF No. 19), emphasis is added, and internal citations and quotations are omitted.

CAHILL GORDON & REINDEL LLP

-2-

jurisdiction." Letter at 1 (emphasis in original). Defendants respectfully submit that a conference to discuss jurisdictional discovery is not necessary until the Court has had an opportunity to rule on the pending motion to dismiss. At that time, if it is still appropriate, Plaintiffs are free to renew their request for jurisdictional discovery.

Nevertheless, should the Court wish to consider the issue of jurisdictional discovery now, Defendants intend to oppose Plaintiffs' motion for the reasons stated below.

I. **Plaintiffs Failed to Make a Prima Facie Showing of Personal Jurisdiction**

"A district court has wide latitude to determine the scope of discovery . . . and is typically within its discretion to deny jurisdictional discovery when the plaintiff [has] not made out a prima facie case for jurisdiction." *Frontera Resources Azerbaijan Corp.* v. *State Oil Co. of Azerbaijan Republic*, 582 F.3d 393, 401 (2d Cir. 2009). Here, no factual dispute needs to be resolved to determine whether the district court has personal jurisdiction over either Defendant. Rather, as Defendants explain in the memoranda supporting their motion to dismiss (ECF Nos. 19, 28), even accepting all of Plaintiffs' allegations as true, the Amended Complaint ("AC") (ECF No. 17), as a matter of law, does not make a prima facie showing of personal jurisdiction. This requires both the dismissal of Plaintiffs' claims and the denial of their request for jurisdictional discovery. *See Laydon* v. *Bank of Tokyo-Mitsubishi UFJ, Ltd.*, 2017 WL 1113080, at *8 (S.D.N.Y. Mar. 10, 2017) ("District courts in this [C]ircuit routinely reject requests for jurisdictional discovery where a plaintiff's allegations are insufficient to make out a prima facie case of jurisdiction.").

In their Letter, Plaintiffs set out two generic theories of jurisdiction, neither of which warrant jurisdictional discovery.

   A. *Plaintiffs Fail to Plead a Prima Facie Case for Personal Jurisdiction Under CPLR 302(a)(1)*

Plaintiffs claim the AC makes a prima facie showing of personal jurisdiction under CPLR 302(a)(1) based on allegations that: (1) Defendants transact business in New York, and (2) certain of Defendants' VIP customers, who provide substantial liquidity to the Binance.com exchange, are based in New York. *See* Letter at 1-2. Section 302(a)(1) provides for personal jurisdiction where (1) the defendant transacted business in the state, and (2) the plaintiffs' claims *arise from* that business activity. CPLR 302(a)(1). As Defendants explained in their motion to dismiss, the AC falls well-short of those requirements because it does not allege *any kind* of "articulable nexus" or "substantial relationship" between the business Defendants conducted in New York and Plaintiffs' injuries. *See Best Van Lines, Inc.* v. *Walker*, 2004 WL 964009, at *6 (S.D.N.Y. May 5, 2004), *aff'd*, 490 F.3d 239 (2d Cir. 2007). The Second Circuit's decision in *Daou* v. *BLC Bank, S.A.L.*, is instructive on this point. 42 F.4th 120, 132 (2d Cir. 2022). There, the Circuit affirmed the denial of the plaintiffs' request for jurisdictional discovery based on their failure to allege any nexus between the defendants' New York-based correspondent banking accounts and the plaintiffs' injuries. *See id.* (nexus requirement was not met where the complaint "does not include a single allegation that any defendant used an actual, specific transaction through a New York

CAHILL GORDON & REINDEL LLP

-3-

correspondent account in the course of bringing about the injuries on which the claims are predicated"). Here too, Plaintiffs' failure to plead such a connection is fatal.

Plaintiffs attempt to sidestep this deficiency by arguing that certain New York customers provided *so much* liquidity to the exchange that they "effectively fuel[ed] an unregulated marketplace." AC ¶ 68; *see* Letter at 2. Not only does this still fail to plead the requisite nexus, but courts in this district have cautioned against relying on exactly this kind of vague and conclusory allegation as a basis for authorizing jurisdictional discovery. *See NovelAire Techs., L.L.C.* v. *Munters AB*, 2013 WL 6182938, at *13 (S.D.N.Y. Nov. 21, 2013) ("Plaintiffs may not make conclusory non-fact-specific jurisdictional allegations against a foreign defendant and thus obtain extensive discovery on that issue.").

### B. Plaintiffs Fail to Plead a Prima Facie Case for Personal Jurisdiction Under Fed. R. Civ. P. 4(k)(2)

Plaintiffs' alternative attempt to establish personal jurisdiction under the federal long arm statute is similarly flawed.[2] For claims arising under federal law, Federal Rule of Civil Procedure 4(k)(2) contemplates a possible ground for personal jurisdiction based on a defendant's connections to the United States *as a whole*, as opposed to a specific state. *JCorps International, Inc.* v. *Charles & Lynn Schusterman Family Foundation*, 828 F. App'x 740, 743 (2d Cir. 2020). But here, Plaintiffs' jurisdictional allegations center almost exclusively on Defendants' New York contacts—the same contacts that, as described above, fail to establish jurisdiction under CPLR 302(a). "[T]hose allegations are no more successful in demonstrating a relationship between the foreign Defendants and this country generally than they are in demonstrating a relationship between the foreign Defendants and New York in particular." *Id.* at 745 (finding no jurisdiction under Rule 4(k)(2)).

### II. Even Under the Lesser Standard Plaintiffs Propose, Jurisdictional Discovery Is Inappropriate

Tacitly conceding that they have not pled a prima facie case for jurisdiction, Plaintiffs argue instead that the Court may authorize discovery in its discretion where "it concludes the plaintiff may be able to establish jurisdiction if given the opportunity to develop a full factual record." Letter at 2 (quoting *Davey* v. *PK Benelux B.V.*, 2021 WL 3501199, at *1 (S.D.N.Y. Aug. 6, 2021)). But that does not authorize a fishing expedition premised on Plaintiffs' unsubstantiated hope that, with enough time and latitude, they may be able to find some type of jurisdictional link. *Bellepointe, Inc.* v. *Kohl's Department Stores, Inc.*, 975 F. Supp. 562, 565 (S.D.N.Y. 1997) (a "plaintiff cannot put [a] defendant through the costly process of discovery, even discovery limited

---

[2] Plaintiffs also try to sidestep Rule 4(k)(2)'s requirement that jurisdiction comport with due process, by claiming that Defendants waived this argument. Letter at 1. As demonstrated by page 21 of Defendants' moving brief (ECF No. 19), that claim is false.

CAHILL GORDON & REINDEL LLP

-4-

to jurisdictional matters, simply because it thinks that it can probably show significant contact with the state of New York if discovery were to proceed").

This is particularly true here, where Plaintiffs can neither describe with any specificity the discovery they intend to seek, nor how it will fill the wide gaps in their theory of personal jurisdiction. *Compare Royalty Network Inc.* v. *Dishant.com, LLC*, 638 F. Supp. 2d 410, 425 (S.D.N.Y. 2009) (rejecting jurisdictional discovery where movant "does not put forward any compelling reasons why discovery should be allowed, nor does it identify any particular facts it would seek to adduce through such discovery or suggest how discovery could aid in this Court's jurisdictional inquiry"), *with* Letter at 3 (describing scope of Plaintiffs' anticipated discovery as "(i) Defendants' New York activities and specifically those activities from which Plaintiffs' claims arise; and (ii) Defendants' contacts with all fifty U.S. states"). Courts will not allow discovery to be used as "a fishing expedition for jurisdictional facts." *Louisiana Health Service*, 2024 WL 3342603, at *2. And this Court should not do so here.

For the reasons set forth above, Plaintiffs' request for a pre-motion conference is premature, and in any event jurisdictional discovery would be improper.

Respectfully submitted,

*/s/ Samson A. Enzer*
**CAHILL GORDON & REINDEL LLP**
Samson A. Enzer
Anirudh Bansal
Sesi Garimella
32 Old Slip
New York, NY 10005
(212) 701-3125

*Attorneys for Binance Holdings Limited and Changpeng Zhao*