```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  9/3/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDITH RAANAN, et al.,

    Plaintiff,

-against-

BINANCE HOLDINGS LIMITED, et al.,

    Defendants.

24-CV-697 (JGK (BCM)

**MEMORANDUM AND ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

    Now before the Court, on referral from the Hon. John G. Koeltl, United States District Judge (*see* Dkt. 31), is plaintiffs' letter-motion (Pl. Ltr.) (Dkt. 30) seeking leave to conduct jurisdictional discovery. For the reasons that follow, the motion will be denied.

### Background

    Plaintiffs in this action are United States citizens, or the relatives of United States citizens, who were killed, injured, and/or kidnapped during the terrorist attacks committed by Hamas and Palestinian Islamic Jihad (PIJ) in Israel beginning on October 7, 2023. Suing pursuant to the Anti-Terrorism Act (ATA), 18 U.S.C. § 2331, *et seq.*, plaintiffs seek damages from Binance Holdings Limited (Binance or BHL), a global cryptocurrency exchange, and Changpeng Zhao, its founder and former CEO, alleging that defendants "knowingly provided a mechanism for Hamas and other terrorist groups to raise funds and transact illicit business in support of terrorist activities, which materially contributed to the October 7 Terrorist Attacks[.]" Am. Compl. (Dkt. 17) ¶ 2.

    Plaintiffs allege that this Court may exercise personal jurisdiction over Binance under New York's long-arm statute, N.Y.C.P.L.R. (CPLR) § 302(a), because their claims "arise from its conduct and operations in New York," including – among other things – "the fact that several of Binance's key 'market makers' were headquartered in and directed trading from New York," which "provided critical and deliberately sought-after liquidity to Binance's international exchange,

Binance.com," which in turn "effectively fuel[ed] an unregulated marketplace that gave known terrorist groups, including Hamas and PIJ, the ability to freely trade and transfer cryptocurrency and accept direct donations." Am. Compl. ¶ 11. Similarly, plaintiffs assert, this Court may exercise personal jurisdiction over Zhao pursuant to CPLR § 302(a) because – among other things – he "supervised and controlled the activity subjecting Binance to jurisdiction" in New York. *Id*. ¶ 17. In the alternative, plaintiffs allege that this Court may exercise personal jurisdiction over both defendants pursuant to Fed. R. Civ. P. 4(k). *Id*. ¶¶ 14, 17.[1]

On June 14, 2024, BHL and Zhao moved to dismiss this action in its entirety pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(2). Defendants argue that plaintiffs fail to state any plausible claim under the ATA; that some of the named plaintiffs lack standing to sue; and that there is no basis for personal jurisdiction over either defendant. As to CPLR § 302(a), defendants contend that plaintiffs fail to plead the necessary "nexus" between defendants' activities in New York and "the claims in this case." Dkt. 19 at 20-22. As to Rule 4(k)(2), they contend that plaintiffs cannot satisfy "its plain terms," because they "have not served a summons or filed a waiver of service in this action," and add that plaintiffs' reliance on Rule 4(k) is inconsistent with their allegations that defendants are in fact subject to long-arm jurisdiction in New York. *Id*. at 21-22. In their opposition brief, plaintiffs contend that they adequately stated claims under the ATA, and argue that they are entitled to rely on Rule 4(k) because, "[i]f New York's long-arm statute does not confer jurisdiction (and it should), Defendants are not subject to jurisdiction within any state." Dkt. 24 at 21. Further, plaintiffs assert, defendants "waived service pursuant to a stipulation entered by the

---

[1] As relevant here, Rule 4(k)(2) states: "For a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if: (A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and (B) exercising jurisdiction is consistent with the United States Constitution and laws." Fed. R. Civ. P. 4(k)(2).

Court in March 2024." *Id*. at 21. Plaintiffs do not otherwise address the sufficiency of their jurisdictional allegations under § 302(a). In a footnote, however, plaintiffs state that *if* the Court finds their jurisdictional allegations inadequate, they will seek jurisdictional discovery. *Id*. at 22 n.7. In their reply brief, defendants reiterate their critique of plaintiffs' jurisdictional allegations, deny that their stipulation amounted to a waiver of service, and object to plaintiffs' request for jurisdictional discovery on the ground that "this Court's decision must be based on the sufficiency of the pleadings." Dkt. 28 at 9 n.6.

## The Letter-Motion

On August 6, 2024 – after the motion to dismiss was fully briefed – plaintiffs filed their letter-motion, arguing that in the event their allegations are deemed insufficient to make a "prima facie showing" of personal jurisdiction, as required by *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 167 (2d Cir. 2013), they should be granted jurisdictional discovery prior to amending their pleading. Pl. Ltr. at 1. Plaintiffs make it clear that they seek jurisdictional discovery "*only* if the Court finds that Plaintiffs must offer more details about Defendants' secret financial transactions to establish personal jurisdiction." *Id*. In support of their request, they note that courts in our Circuit have permitted jurisdictional discovery where a plaintiff has made a "sufficient start" towards the required prima facie showing, *see*, *e.g*., *City of Almaty v. Ablyazov*, 278 F. Supp. 3d 776, 809 (S.D.N.Y. 2017) (collecting cases), and argue that, at a minimum, they have met the "sufficient start" standard. *Id*. at 2-3. In this case, plaintiffs say, they will seek discovery into "(i) Defendants' New York activities and specifically those activities from which plaintiffs' claims arise; and (ii) Defendants' contacts with all fifty U.S. states." *Id*. at 3. They do not provide any further details concerning their discovery plans.

3

On August 9, 2024, defendants filed an opposition letter-brief, arguing that plaintiffs' request is premature. The issue of jurisdictional discovery, they say, will not be ripe until and unless the Court finds, pursuant to Rule 12(b)(2), that plaintiffs' jurisdictional allegations are inadequate *because* they lack detail about "Defendants' secret financial transactions." Dkt. 33 at 1. In the remainder of their letter, defendants reiterate their Rule 12(b)(2) arguments, adding that plaintiffs' jurisdictional allegations fall so far short of the mark that they cannot even be said to have made a "sufficient start" towards the required prima facie case. *Id*. at 2-3.

On August 13, 2024, plaintiffs submitted a reply letter-brief, noting that, in ATA cases, courts "routinely review motions to dismiss at the same time as motions for jurisdictional discovery." Dkt. 34 at 1. The fact that they filed their letter-motion now, plaintiffs say, will "streamline the proceedings and keep this case moving at an appropriate pace." *Id*. In the remainder of their letter, plaintiffs reiterate – and expand upon – the arguments they made in opposition to defendants' Rule 12(b)(2) motion.

## Analysis

Defendants are correct that plaintiffs' letter-motion is premature. Plaintiffs do not seek jurisdictional discovery in order to oppose defendants' motion to dismiss. Rather, they are concerned that they *may* require jurisdictional discovery *if* the District Judge rules that their jurisdictional allegations are insufficient but gives them leave to amend. Thus, it would neither "streamline the proceedings" nor speed up this case for the undersigned Magistrate Judge to conduct a pre-motion conference now regarding plaintiffs' potential future need for jurisdictional discovery. Nor would it be efficient for plaintiffs to file their discovery motion now.[2]

---

[2] It is not clear that plaintiffs *want* to file their discovery motion now. *See* Pl. Ltr. at 3 (offering to "engage in this requested pre-motion conference" during oral argument on the motion to dismiss).

Whether to allow jurisdictional discovery, and "to what extent, are matters committed to a trial judge's broad discretion." *In re Terrorist Attacks on Sept. 11, 2011*, 689 F.Supp.2d 552, 566 (S.D.N.Y. 2010). In this case, whether plaintiffs should be allowed such discovery, and to what extent, depends heavily on the outcome of the pending motion to dismiss. If the District Judge denies both branches of the motion, plaintiffs will be entitled to proceed to discovery in the normal course, and will not need special leave of the Court to do so. If the District Judge grants the Rule 12(b)(6) motion without leave to amend, the case will be at an end, and plaintiffs' only recourse will lie in the Court of Appeals. In between these two poles, there are numerous potential outcomes, each with different implications for jurisdictional discovery. Consequently, it makes little sense for the undersigned Magistrate Judge to entertain a motion for jurisdictional discovery while the motion to dismiss remains pending before the District Judge. *See* Order (Dkt. 98), *Doe v. Government of the United States Virgin Islands*, No. 23-CV-10301 (S.D.N.Y. May 9, 2024), at 2 (denying, as premature, plaintiffs' request to take jurisdictional discovery "[i]n the event that the Court finds Plaintiffs' allegations in the SAC concerning jurisdiction and/or discovery lacking") (alteration in original).

For these reasons, plaintiffs' letter-motion is DENIED, without prejudice to renewal after the motion to dismiss is decided. *See Alperin v. Vatican Bank*, 2006 WL 1663847, at *3 (N.D. Cal. June 15, 2006) (denying premature motion for jurisdictional discovery without prejudice). Prior to renewing their request, plaintiffs must meet and confer with defendants in a good faith attempt to reach agreement as to the need for and scope of any requested jurisdictional discovery. *See* Fed. R. Civ. P. 37(a)(1); Moses Ind. Prac. § 2(b).

Dated: New York, New York
      September 3, 2024      **SO ORDERED.**

_____
**BARBARA MOSES**
**United States Magistrate Judge**