## CAHILL GORDON & REINDEL LLP
### 32 OLD SLIP
### NEW YORK, NY 10005

| | | | | |
|---|---|---|---|---|
| DANIEL AMATO | KIERSTEN A. FLETCHER | TELEPHONE: (212) 701-3000 | MARK LOFTUS | ANDREW SCHWARTZ |
| DANIEL R. ANDERSON | HELENA S. FRANCESCHI | WWW.CAHILL.COM | JOHN MacGREGOR | DARREN SILVER |
| PETER J. ARMENIO | JOAN MURTAGH FRANKEL | | TRISTAN E. MANLEY | JOSIAH M. SLOTNICK |
| HELENE R. BANKS | JONATHAN J. FRANKEL | 1990 K STREET, N.W. | BRIAN T. MARKLEY | RICHARD A. STIEGLITZ JR. |
| ANIRUDH BANSAL | SESI GARIMELLA | WASHINGTON, DC 20006-1181 | MEGHAN N. McDERMOTT | GREGORY STRONG |
| LANDIS C. BEST | ARIEL GOLDMAN | (202) 862-8900 | EDWARD N. MOSS | SUSANNA M. SUH |
| CHRISTOPHER BEVAN | PATRICK GORDON | | JOEL MOSS | SEAN R. TIERNEY |
| BROCKTON B. BOSSON | JASON M. HALL | 221 W. 10th STREET, 3rd FLOOR | NOAH B. NEWITZ | AMIT TREHAN |
| DONNA M. BRYAN | STEPHEN HARPER | WILMINGTON, DE 19801 | EDWARD C. O'CALLAGHAN | JOHN A. TRIPODORO |
| SARAH W. CHEN | CRAIG M. HOROWITZ | (302) 884-0000 | JULIANA OBREGON | HERBERT S. WASHER |
| EMEKA C. CHINWUBA | TIMOTHY B. HOWELL | | JAVIER ORTIZ | FRANK WEIGAND |
| JAMES J. CLARK | COLLEEN TRACY JAMES | CAHILL GORDON & REINDEL (UK) LLP | DAVID R. OWEN | MILES C. WILEY |
| CHRISTOPHER W. CLEMENT | DAVID G. JANUSZEWSKI | 20 FENCHURCH STREET | JOHN PAPACHRISTOS | PETER G. WILLIAMS |
| LEWIS RINAUDO COHEN | BRIAN S. KELLEHER | LONDON EC3M 3BY | LUIS R. PENALVER | DAVID WISHENGRAD |
| AYANO K. CREED | ANDREW R. KELLY | +44 (0) 20 7920 9800 | SHEILA C. RAMESH | C. ANTHONY WOLFE |
| SEAN M. DAVIS | RICHARD KELLY | | MICHAEL W. REDDY | ELIZABETH M. YAHL |
| STUART G. DOWNING | CHÉRIE R. KISER ‡ | | OLEG REZZY | |
| ADAM M. DWORKIN | JOEL KURTZBERG | WRITER'S DIRECT NUMBER | THOMAS ROCHER * | * ADMITTED AS A SOLICITOR IN ENGLAND AND WALES ONLY |
| ANASTASIA EFIMOVA | TED B. LACEY | | PETER J. ROONEY | |
| SAMSON A. ENZER | ANDREW E. LEE | | MATTHEW E. ROSENTHAL | ‡ ADMITTED IN DC ONLY |
| JAMES Z. FANG | ALIZA R. LEVINE | 212-701-3125 | THORN ROSENTHAL | |
| GERALD J. FLATTMANN JR. | JOEL H. LEVITIN | | TAMMY L. ROY | |

November 18, 2024

**VIA ECF**

The Honorable John G. Koeltl
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

>      Re:   *Raanan et al. v. Binance Holdings Limited et al.*, No. 24 Civ. 00697 (JGK)
>            (S.D.N.Y)

Dear Judge Koeltl:

    We write on behalf of Defendants Binance Holdings Limited ("BHL") and Changpeng Zhao in response to Plaintiffs' November 5, 2024 letter in which they suggest that Defendants' motion to transfer a separate case from the Middle District of Alabama to this Court (*Gess et al. v. BAM Trading Services, Inc., et al.*, No. 2:24 Civ. 00134 (ECM) (CWB)) somehow waives Defendants' objection to personal jurisdiction in this case. Plaintiffs are wrong, as demonstrated by the very papers they attach to—but do not discuss in—their request to this Court.

    Defendants' motion to dismiss this case is pending, and that motion includes an argument for dismissal based on lack of personal jurisdiction. (ECF No. 19). The same Defendants (and one other) were also named in the *Gess* case, which was filed in the Middle District of Alabama and contains the same flawed legal theories as this case. Because of the substantial overlap, the risk of inconsistent rulings, and the efficiencies that would be created by litigating both cases in front of the same Court, Defendants moved in Alabama to transfer *Gess* to Your Honor.

    Plaintiffs here now seem to suggest that Defendants' transfer request in *Gess*—which was publicly filed nearly six months before Plaintiffs submitted their recent letter—may constitute a waiver of Defendants' personal-jurisdiction challenge here. But Plaintiffs' suggestion is belied by the facts, and the one non-binding case they cite is inapposite.

CAHILL GORDON & REINDEL LLP

-2-

*First*, while Plaintiffs imply that Defendants' briefs in *Gess* (which Plaintiffs append to their letter request without quoting or citing) reflect a personal-jurisdiction waiver, they actually do the opposite.  Indeed, in those papers, Defendants ***expressly preserved*** their right to continue to assert lack of personal jurisdiction in this case.  (*See*, *e.g.*, ECF No. 40-1, Transfer Motion at 7 n.6 ("By claiming that venue is appropriate in SDNY, ***Moving Defendants are not conceding that personal jurisdiction is appropriate there***.") (emphasis added); ECF No. 40-2, Transfer Reply at 2 (arguing that BHL and Mr. Zhao "were transparent in their [Transfer Motion] that they ***would be contesting personal jurisdiction in both cases***") (emphasis added)).  Defendants even argued that because "personal jurisdiction may well be inappropriate in both *Gess* and *Raanan* in any federal district court in this country, ***including SDNY . . . one court should resolve this complicated question*** in order to avoid inconsistent rulings, and SDNY is best-suited to do so here." (Transfer Motion at 7 n.6).  And to facilitate that efficient approach, Defendants urged the *Gess* court to defer a ruling on the transfer request until Your Honor has issued a ruling on personal jurisdiction.  (*See* Transfer Reply at 3 ("The Foreign Defendants respectfully submit that… it would be most efficient to defer a ruling on this Motion until Judge Koeltl decides the now fully-briefed dismissal motion in *Raanan*.")).  Thus, any reasonable reading of Defendants' filings in *Gess* demonstrates that they preserved (and certainly did not waive) their personal-jurisdiction defense in this case.

*Second*, Plaintiffs' sole case does not help them.  (*See* ECF No. 40, Nov. 5, 2024 Letter at 1 n.1 (citing *Olvera-Morales* v. *Int'l Lab. Mgmt. Corp., Inc.*, 2005 WL 8167435 (N.D.N.Y. June 15, 2005))).  In *Olvera-Morales*, the District Court for the Northern District of New York authorized a Section 1404 transfer, while concluding that the defendants' motion to transfer "implicitly waived" their personal jurisdiction defense in the transferee court.  *Id.* at *7.  But *Olvera-Morales* did not involve either (i) a parallel action in the transferee court where a motion to dismiss for lack of personal jurisdiction was already pending, or (ii) an express reservation of rights by the defendant on personal jurisdiction in the transfer papers.  Thus, that case is far afield and does not support Plaintiffs' waiver argument.

For these reasons, Defendants have not waived their personal-jurisdiction defense, and the Court should disregard Plaintiffs' suggestion otherwise.

                Respectfully submitted,

                */s/ Samson A. Enzer*
                **CAHILL GORDON & REINDEL LLP**
                Samson A. Enzer
                Anirudh Bansal
                Sesi Garimella
                Jason M. Ecker
                32 Old Slip
                New York, NY 10005
                (212) 701-3125

CAHILL GORDON & REINDEL LLP

-3-

*Attorneys for Binance Holdings Limited and Changpeng Zhao*