# SEIDEN | LAW

November 26, 2024

**VIA ECF AND EMAIL**

Hon. John G. Koeltl
United States District Judge
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007

**Re:** *Raanan et al. v. Binance Holdings Limited et al.*, 1:24-cv-00697-JGK-BCM (S.D.N.Y)

Dear Judge Koeltl:

We write on behalf of Plaintiffs and in response to Defendants' November 18, 2024 letter (ECF 41, "Letter"). By their Letter, Defendants raise unsubstantiated and baseless assertions, which Plaintiffs address herein.

In their Letter, Defendants argue that their motion to transfer in *Gess et al.* v. *BAM Trading Services, Inc., et al.*, 2:24-cv-00134 (ECM) (CWB) from the Middle District of Alabama to this District cannot be considered a waiver of personal jurisdiction because they "expressly preserved their right to continue to assert lack of personal jurisdiction in this case." Letter at 2. Notwithstanding Plaintiffs' supported assertion to the contrary (ECF 40), Defendants' Letter fails to set forth any authority for the contention that a motion to transfer pursuant to 28 U.S.C. § 1404(a) may be brought absent a concession that the transferee district has personal jurisdiction over the movant. *See* 28 U.S.C. § 1404(a) (permitting transfer only to a district where the action "might have been brought"); *Steen v. Assurant, Inc.*, 2023 WL 4406303, at *5 (S.D.N.Y. July 6, 2023) ("A 'district where [a case] might have been brought' is a district where venue would have been proper and where personal jurisdiction exists over the defendant."). Defendants' assertion that they can avoid the legal consequences of their transfer motion because there is "a parallel action in the transferee court where a motion to dismiss for lack of personal jurisdiction was already pending" and "an express reservation of rights by the defendant on personal jurisdiction in the transfer papers" (Letter at 2), notably lacks any legal citation or support.

Defendants cannot simultaneously file a motion that is predicated on the existence of personal jurisdiction over them in a transferee district while "reserving rights" to challenge personal jurisdiction in the transferee district.[1] This Court should reject Defendants' counter-arguments and consider whether their motion to transfer effectuated a waiver of personal jurisdiction in this action.

---

[1] Defendants' attempt to have it both ways, asserting the appropriateness of transfer while preserving their right to assert lack of personal jurisdiction based on a purported express reservation, is meritless, smacks of gamesmanship, and echoes their earlier conduct in this case. Defendants pre-empted Plaintiffs' serving them in the Cayman Islands by signing a stipulation waiving service (ECF 12) and then moved to dismiss based on a purported lack of service on the basis that they had "reserved" the right to contest service. ECF 19 at 21-22; ECF 28 at 10.

---

322 Eighth Avenue, Suite 1200, New York, NY 10001 USA | +1.212.523.0686 | www.seidenlaw.com

**SEIDEN | LAW**

Respectfully submitted,

*/s/ Jake Nachmani*

| | |
|---|---|
| **SEIDEN LAW LLP** | **PERLES LAW FIRM, P.C.** |
| Robert W. Seiden | Steven R. Perles |
| Amiad Kushner | Joshua K. Perles |
| Jake Nachmani | Edward B. Macallister |
| Jennifer Blecher | 816 Connecticut Avenue, NW |
| Dov Gold | 12th Floor |
| 322 Eighth Avenue, Suite 1200 | Washington, D.C. 20006 |
| New York, NY 10001 | (202) 955-9055 |
| (212) 523-0686 | |

*Attorneys for Plaintiffs*

cc: All counsel of record (via ECF)