VIA ECF

March 11, 2025

The Honorable John G. Koeltl, U.S.D.J.
Daniel Patrick Moynihan United States Courthouse, Room 14A
500 Pearl St.
New York, NY 10007-1312

Re: **Raanan, et al. v. Binance Holdings Limited, et.al., No. 24 Civ. 00697 (JGK)**

Dear Judge Koeltl:

The parties respectfully submit this joint letter pursuant to the Court's February 25, 2025 Memorandum Opinion And Order (ECF No. 53, the "Order"), which instructed the parties to "meet and confer regarding the appropriate scope of jurisdictional discovery, and provide the Court with a joint status update by March 11, 2025."[1] Order at 71.

The parties conferred on March 7, and later that day Plaintiffs circulated a three-page draft proposal with 20 specific topics for the scope of jurisdictional discovery. On March 10, the parties conferred a second time.

The parties disagree as to the scope of jurisdictional discovery. Plaintiffs assert that the scope of jurisdictional discovery should be guided by the allegations of the Amended Complaint, the issues that the Court identified in its Order, and the Court's analysis of these issues thereunder. *See* Order at 9-13. This would include for example: Binance's transactions in New York, including those transactions plausibly connected to Hamas and/or PIJ; Binance's relationship and transactions with "market maker" New York customers; Binance's use of New York to generate and maintain liquidity; Binance's deceptive practices to hide its New York business and customers from regulators – and Zhao's relationship to and control over all these activities.

Defendants assert that the scope of jurisdictional discovery should be defined by and limited to the issues the Court identified in its Order, specifically "the character and extent of the connection, if any, between the alleged market-making activities of Binance's New York-based VIP customers and Binance's ability to provide financial services to Hamas and PIJ" (Order at 13); and, with respect to Mr. Zhao, whether "[Mr.] Zhao supervised and controlled Binance's New York-based activity . . . []sufficient . . . to establish personal jurisdiction over [Mr.] Zhao." (Order at 12).

In light of this dispute and based on the parties' discussions of March 7 and March 10, the parties anticipate significant disagreements concerning the scope of jurisdictional discovery permitted under the Order and the specific requests Plaintiffs expect to propound. The parties believe it would be most efficient and therefore propose to proceed in the following manner:

---

[1] Defendants contend that the Court should reconsider its ruling granting jurisdictional discovery.

  First, the parties will meet and confer again to try to narrow the potential disputes. Second, Plaintiffs will serve their jurisdictional discovery requests starting on April 2, 2025. Third, the parties will meet and confer again following Defendants' service of their responses and objections. Finally, the parties will promptly thereafter submit any remaining issues to the Court.

  Although not addressed in the Order, the parties understand that under the Court's Order Defendants' answers and merits discovery are stayed until after the threshold issue of personal jurisdiction over Defendants is resolved.[2] The parties stand ready to discuss the foregoing and to supply any additional information the Court may require.

Date: March 11, 2025.

*/s/* Jake Nachmani
**Seiden Law LLP**
Robert W. Seiden
Amiad Kushner
Jake Nachmani
Jennifer Blecher
Dov Gold
322 Eighth Avenue, Suite 1200
New York, NY 10001
(212) 523-0686

**Perles Law Firm, P.C.**
Steven R. Perles
Joshua K. Perles
Edward B. Macallister
816 Connecticut Avenue, NW
12th Floor
Washington, D.C. 20006
(202) 955-9055

*Attorneys for Plaintiffs*

*/s/* Samson A. Enzer
**Cahill Gordon & Reindel LLP**
Samson A. Enzer
Anirudh Bansal
Sesi Garimella
Lauren Riddell
32 Old Slip
New York, NY 10005
(212) 701-3125

*Attorneys for Binance Holdings Limited*

*/s/* Teresa Goody Guillén
**Baker & Hostetler LLP**
Teresa Goody Guillén (*pro hac vice*)
Marco Molina
Joanna F. Wasick
45 Rockefeller Plaza
New York, NY 10111
(212) 589-4200

*Attorneys for Changpeng Zhao*

cc: All Counsel of Record (via ECF)

---

[2] Plaintiffs contend that, if jurisdictional discovery does not establish personal jurisdiction under New York law, the Court should exercise jurisdiction pursuant to Rule 4(k)(2).