# Exhibit B

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JUDITH RAANAN *et al.*, <br><br> Plaintiffs, <br><br> - v. - <br><br> BINANCE HOLDINGS LIMITED and <br> CHANGPENG ZHAO, <br><br><br> Defendants. | Civil Action Case No. <br> 24 Civ. 00697 (JGK) |

**DEFENDANT BINANCE HOLDING LIMITED'S RESPONSES AND OBJECTIONS TO**
**PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION**
**RELATING TO JURISDICTIONAL DISCOVERY**

Pursuant to Federal Rules of Civil Procedure 26 and 34 and the corresponding Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules"), Defendant Binance Holdings Limited ("BHL") hereby makes the following responses and objections to Plaintiffs' First Set of Requests for Production Relating to Jurisdictional Discovery to All Defendants[1] (Nos. 1-19) (each an "RFP," and collectively the "RFPs").

Pursuant to Federal Rule of Civil Procedure 26(e), BHL reserves the right to supplement its responses.

**OFFER TO MEET AND CONFER**

In its February 25, 2025 Order (ECF No. 53, the "Order"), the Court denied Defendants' motion to dismiss for lack of personal jurisdiction without prejudice to renewal, subject to the Parties engaging in "***limited jurisdictional discovery***." (Order at 13 (emphasis added)). In accordance with the Court's Order, the Parties met and conferred regarding the appropriate scope

---

[1] Defendants are BHL and Changpeng Zhao.

of jurisdictional discovery and provided the Court with a joint status update on March 11, 2025, which documented the Parties' disagreements. (ECF No. 56; ECF No. 60 (so ordered), the "Joint Letter").

BHL maintains that, as per the Court's Order, the scope of jurisdictional discovery is limited to: (1) with respect to BHL, "the character and extent of the connection, if any, between the alleged market-making activities of Binance's New York-based VIP customers and Binance's ability to provide financial services to Hamas and [Palestine Islamic Jihad]" (Order at 13); and, (2) with respect to Mr. Zhao, whether "[Mr.] Zhao supervised and controlled Binance's New York-based activity . . . []sufficient . . . to establish personal jurisdiction over [Mr.] Zhao" (Order at 12). (*See also* Joint Letter at 1).

Plaintiffs, however, now seek discovery on topics well beyond the limited scope of jurisdictional discovery permitted by the Court. Indeed, many, if not all, of Plaintiffs' RFPs conflate jurisdictional discovery with merits discovery. BHL notes its categorical objection to Plaintiffs' impermissible attempt to expand the limited scope of jurisdictional discovery.

In accordance with the Joint Letter, the Parties will again meet and confer after these responses and objections have been served, and promptly submit any remaining disputes to the Court.

## **GENERAL OBJECTIONS**

BHL objects to each and every RFP on the basis of the following general objections, which are incorporated into BHL's responses to each RFP below as if fully reproduced therein. BHL's specific objections to each RFP are in addition to the general objections set forth in this section. The absence of a reference to a general objection should not be construed as a waiver of the general objection as to the specific RFP.

1.    BHL objects to each and every RFP insofar as it seeks documents that are beyond the

2

permissible scope of jurisdictional discovery, as so limited by the Court's February 25, 2025 Order, and which "go to the heart" of Plaintiffs' claims.  *See, e.g.*, *Sonterra Cap. Master Fund Ltd.* v. *Credit Suisse Grp. AG*, 277 F. Supp. 3d 521, 599 (S.D.N.Y. 2017) (rejecting jurisdictional discovery request where plaintiffs "claim[ed] to seek 'limited' discovery" but where "an examination of what they hope to uncover show[ed] that their request is in fact quite broad" and noting that "[j]urisdictional discovery is not appropriate" where a request "goes as much to the heart of plaintiffs' claims on the merits as it does the jurisdictional issues"); *Zobay* v. *MTN Grp. Ltd.*, 695 F. Supp. 3d 301, 326 (E.D.N.Y. 2023) (rejecting jurisdictional discovery requests as overbroad where discovery sought went "as much to the heart of [the] plaintiff['s] claims on the merits as it does the jurisdictional issue").

2.      BHL reserves all objections as to relevance and materiality.  Where BHL responds and produces materials in response to a given RFP, it does so without conceding the relevancy or materiality of the information or materials sought or produced, or their subject matter, and without prejudice to BHL's right to object to further discovery, or to object to the admissibility of proof on the subject matter of any response, or to the admissibility of any document or category of documents, at a future time.  Any disclosure of information not responsive to the RFPs is inadvertent and is not intended to waive BHL's right not to produce similar or related information or documents.

3.      BHL objects to each and every RFP on the grounds, and to the extent that, it is inconsistent with or enlarges upon the obligations imposed upon BHL by the Federal Rules, the Local Rules, or other rules or practices applicable to cases in this Court.

4.      BHL objects to each and every RFP on the grounds, and to the extent that, it seeks information: (a) that is protected from discovery pursuant to the attorney-client privilege, attorney

work product doctrine, common-interest privilege, or any other applicable privilege, protection, immunity, or limitation on discovery; (b) that was prepared in anticipation of litigation; or (c) that is otherwise protected from disclosure under the Federal Rules, relevant federal procedural rules, or relevant case law.  No information covered by any privilege, protection, immunity, or limitation will be intentionally disclosed.  In the event that any such information is disclosed, such disclosure is inadvertent and does not constitute a waiver of any privilege, protection, immunity, or limitation from disclosure.  BHL reserves the right to demand the return of any privileged or otherwise protected information inadvertently produced during discovery.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

Except as where otherwise indicated, BHL incorporates herein by reference the Definitions set forth in Plaintiffs' RFPs.

1.    BHL objects to the definition of "Defendants," "You" and "Your" as unduly burdensome, vague, ambiguous, and overbroad, to the extent it does not identify entities or individuals by name or otherwise purports to place the burden on BHL to identity (or speculate as to the identity of) any such unnamed entities or persons.  BHL further objects to the definition as overbroad and unduly burdensome to the extent that it includes BHL's "attorneys, agents, representatives, assigns, or other Persons acting or purporting to act on their behalf, any non-U.S. affiliates, or any entities under their legal or practical control."

2.    BHL objects to the definition of "Binance" as unduly burdensome, vague, ambiguous, and overbroad, to the extent it includes BHL's "attorneys, agents, representatives, assigns, or other Persons (defined below) acting or purporting to act on its behalf, any non-U.S. affiliates, or any entities under its legal or practical control."

3.    BHL objects to the definition of "VIPs," as unduly burdensome, vague, ambiguous, and overbroad, to the extent it does not identify entities or individuals by name or otherwise

4

purports to place the burden on BHL to identify (or speculate as to the identity of) any such unnamed entities or persons.

4. BHL objects to the definition of "Retained VIPs," as unduly burdensome, vague, ambiguous, and overbroad, to the extent it does not identify entities or individuals by name or otherwise purports to place the burden on BHL to identify (or speculate as to the identity of) any such unnamed entities or persons.

5. BHL objects to the definition of "Communication" and "Communications" insofar as they are defined more broadly than the definition of "communication" set forth in the Local Rules.

6. BHL objects to the definition of "Document" and "Documents" insofar as they are defined more broadly than the definition of "document" as set forth in the Local Rules.

7. BHL objects to the definition of "Electronic Data" as unduly burdensome, vague, ambiguous, overbroad, and unduly burdensome to the extent it calls for the production of information that is duplicative or calls for the production of data or information the collection of which is unduly burdensome, and therefore disproportionate to the needs of this case.

8. BHL objects to Instructions 1 and 7 concerning the continuing nature of BHL's obligations as overbroad and unduly burdensome.

9. BHL objects to Instruction 3 regarding the identification of documents produced on a request-by-request basis.

10. BHL objects to Instruction 5 concerning the production of information in the possession, custody, or control of BHL's counsel, employees, agents, servants, investigators, consultants and Representatives, and their counsel, employees, agents servants, investigators, consultants and representatives, as overly broad, unduly burdensome and encompassing entities or persons over which BHL may have no control. BHL also objects to Instruction 5 as vague with

5

respect to its use of the term "Representatives," which Plaintiffs failed to define.

11.    BHL objects to Instruction 6 regarding the identification of documents no longer in BHL's care, custody, or control as overbroad and unduly burdensome.

## SPECIFIC RESPONSES AND OBJECTIONS

**RFP No. 1**:  Documents sufficient to identify all Retained VIPs.

**Response to RFP No. 1**:

BHL objects to RFP No. 1 on the grounds, and to the extent that, it seeks documents that are beyond the permissible scope of jurisdictional discovery as so limited by the Court's Order. BHL further objects to RFP No. 1 on the grounds, and to the extent that, Plaintiffs' definition of "Retained VIPs" is vague or ambiguous and, as such, would require BHL to speculate as to the meaning of the RFP.  BHL further objects to RFP No. 1 on the grounds, and to the extent that, it seeks documents reflecting information that is confidential, proprietary, or otherwise protected by a court-imposed protective order, including to the extent any such duty of confidence is owed by BHL to third-parties.  BHL further objects to RFP No. 1 on the grounds, and to the extent that, it is not proportional to the needs of the case.  BHL further objects to RFP No. 1 on the grounds, and to the extent that, it is overbroad or seeks irrelevant documents and is therefore unduly burdensome.

Based on the foregoing objections, BHL will not respond to the RFP as written.  However, BHL is willing to meet and confer with respect to this RFP and BHL's objections thereto.

**RFP No. 2**:  Documents sufficient to show all physical addresses in Binance's records for each Retained VIP.

**Response to RFP No. 2**:

BHL objects to RFP No. 2 on the grounds, and to the extent that, it seeks documents that are beyond the permissible scope of jurisdictional discovery as so limited by the Court's Order.

BHL further objects to RFP No. 2 on the grounds, and to the extent that, Plaintiffs' definition of "Retained VIPs" is vague or ambiguous and, as such, would require BHL to speculate as to the meaning of the RFP. BHL further objects to RFP No. 2 on the grounds, and to the extent that, it seeks documents reflecting information that is confidential, proprietary, or otherwise protected by a court-imposed protective order, including to the extent any such duty of confidence is owed by BHL to third-parties. BHL further objects to RFP No. 2 on the grounds, and to the extent that, it is not proportional to the needs of the case. BHL further objects to RFP No. 2 on the grounds, and to the extent that, it is overbroad or seeks irrelevant documents and is therefore unduly burdensome.

Based on the foregoing objections, BHL will not respond to the RFP as written. However, BHL is willing to meet and confer with respect to this RFP and BHL's objections thereto.

**RFP No. 3**: Documents sufficient to show all IP and MAC addresses used to access the Binance Platform by each Retained VIP.

**Response to RFP No. 3**:

BHL objects to RFP No. 3 on the grounds, and to the extent that, it seeks documents that are beyond the permissible scope of jurisdictional discovery as so limited by the Court's Order. BHL further objects to RFP No. 3 on the grounds, and to the extent that, Plaintiffs' definition of "Retained VIPs" is vague or ambiguous and, as such, would require BHL to speculate as to the meaning of the RFP. BHL further objects to RFP No. 3 on the grounds, and to the extent that, it seeks documents reflecting information that is confidential, proprietary, or otherwise protected by a court-imposed protective order, including to the extent any such duty of confidence is owed by BHL to third-parties. BHL further objects to RFP No. 3 on the grounds, and to the extent that, it is not proportional to the needs of the case. BHL further objects to RFP No. 3 on the grounds, and

to the extent that, it is overbroad or seeks irrelevant documents and is therefore unduly burdensome.

Based on the foregoing objections, BHL will not respond to the RFP as written. However, BHL is willing to meet and confer with respect to this RFP and BHL's objections thereto.

**RFP No. 4**: All Documents and Communications concerning the decision in the summer of 2019 to retain certain VIPs on the Binance Platform following the launch of the Binance.US exchange as described on pages 11-12 of the FinCEN Consent Order.

**Response to RFP No. 4**:

BHL objects to RFP No. 4 on the grounds, and to the extent that, it seeks documents that are beyond the permissible scope of jurisdictional discovery as so limited by the Court's Order. BHL further objects to RFP No. 4 on the grounds, and to the extent that, it is vague or ambiguous and, as such, would require BHL to speculate as to the meaning of the RFP. BHL further objects to RFP No. 4 on the grounds, and to the extent that, it seeks documents that are protected from discovery pursuant to the attorney-client privilege, attorney work product doctrine, common-interest privilege, or any other applicable privilege. BHL further objects to RFP No. 4 on the grounds, and to the extent that, it seeks documents reflecting information that is confidential, proprietary, or otherwise protected by a court-imposed protective order, including to the extent any such duty of confidence is owed by BHL to third-parties. BHL further objects to RFP No. 4 on the ground that seeking production of "[a]ll Documents and Communications" renders the Request overly broad and unduly burdensome because it demands a production of a universe of documents impossible to identify fully, thereby not permitting literal compliance. BHL further objects to RFP No. 4 on the grounds, and to the extent that, it is not proportional to the needs of the case. BHL further objects to RFP No. 4 on the grounds, and to the extent that, it is overbroad

or seeks irrelevant documents and is therefore unduly burdensome.

Based on the foregoing objections, BHL will not respond to the RFP as written.  However, BHL is willing to meet and confer with respect to this RFP and BHL's objections thereto.

**RFP No. 5**:  All Documents and Communications concerning efforts to retain VIPs or other high-volume trading customers in New York following the launch of the Binance.US platform.

**Response to RFP No. 5**:

BHL objects to RFP No. 5 on the grounds, and to the extent that, it seeks documents that are beyond the permissible scope of jurisdictional discovery as so limited by the Court's Order. BHL further objects to RFP No. 5 on the grounds, and to the extent that, it is vague or ambiguous and, as such, would require BHL to speculate as to the meaning of the RFP.  BHL further objects to RFP No. 5 on the grounds, and to the extent that, it seeks documents that are protected from discovery pursuant to the attorney-client privilege, attorney work product doctrine, common-interest privilege, or any other applicable privilege.  BHL further objects to RFP No. 5 on the grounds, and to the extent that, it seeks documents not within the possession, custody, or control of BHL, or that is available from a more convenient, more efficient, less burdensome, or less expensive source.  BHL further objects to RFP No. 5 on the grounds, and to the extent that, it seeks documents reflecting information that is confidential, proprietary, or otherwise protected by a court-imposed protective order, including to the extent any such duty of confidence is owed by BHL to third-parties.  BHL further objects to RFP No. 5 on the ground that seeking production of "[a]ll Documents and Communications" renders the Request overly broad and unduly burdensome because it demands a production of a universe of documents impossible to identify fully, thereby not permitting literal compliance.  BHL further objects to RFP No. 5 on the grounds, and to the extent that, it is not proportional to the needs of the case.  BHL further objects to RFP No. 5 on the

grounds, and to the extent that, it is overbroad or seeks irrelevant information and is therefore unduly burdensome.

Based on the foregoing objections, BHL will not respond to the RFP as written. However, BHL is willing to meet and confer with respect to this RFP and BHL's objections thereto.

**RFP No. 6**: All Documents and Communications concerning Zhao's direction or knowledge of efforts to maintain VIPs or other high-volume trading customers on the Binance Platform following the launch of the Binance.US platform.

**Response to RFP No. 6**:

BHL objects to RFP No. 6 on the grounds, and to the extent that, it seeks documents that are beyond the permissible scope of jurisdictional discovery as so limited by the Court's Order. BHL further objects to RFP No. 6 on the grounds, and to the extent that, it is vague or ambiguous and, as such, would require BHL to speculate as to the meaning of the RFP. BHL further objects to RFP No. 6 on the grounds, and to the extent that, it seeks documents that are protected from discovery pursuant to the attorney-client privilege, attorney work product doctrine, common-interest privilege, or any other applicable privilege. BHL further objects to RFP No. 6 on the grounds, and to the extent that, it seeks documents not within the possession, custody, or control of BHL, or that is available from a more convenient, more efficient, less burdensome, or less expensive source. BHL further objects to RFP No. 6 on the grounds, and to the extent that, it seeks documents reflecting information that is confidential, proprietary, or otherwise protected by a court-imposed protective order, including to the extent any such duty of confidence is owed by BHL to third-parties. BHL further objects to RFP No. 6 on the ground that seeking production of "[a]ll Documents and Communications" renders the Request overly broad and unduly burdensome because it demands a production of a universe of documents impossible to identify fully, thereby

not permitting literal compliance. BHL further objects to RFP No. 6 on the grounds, and to the extent that, it is not proportional to the needs of the case. BHL further objects to RFP No. 6 on the grounds, and to the extent that, it is overbroad or seeks irrelevant documents and is therefore unduly burdensome.

Based on the foregoing objections, BHL will not respond to the RFP as written. However, BHL is willing to meet and confer with respect to this RFP and BHL's objections thereto.

**RFP No. 7**:   All marketing materials, policies and procedures, and operational Documents concerning Binance's VIP Program.

**Response to RFP No. 7**:

BHL objects to RFP No. 7 on the grounds, and to the extent that, it seeks documents that are beyond the permissible scope of jurisdictional discovery as so limited by the Court's Order. BHL further objects to RFP No. 7 on the grounds, and to the extent that, it is vague or ambiguous and, as such, would require BHL to speculate as to the meaning of the RFP. BHL further objects to RFP No. 7 on the grounds, and to the extent that, it seeks documents that are protected from discovery pursuant to the attorney-client privilege, attorney work product doctrine, common-interest privilege, or any other applicable privilege. BHL further objects to RFP No. 7 on the grounds, and to the extent that, it seeks documents reflecting information that is confidential, proprietary, or otherwise protected by a court-imposed protective order, including to the extent any such duty of confidence is owed by BHL to third-parties. BHL further objects to RFP No. 7 on the grounds, and to the extent that, it is not proportional to the needs of the case. BHL further objects to RFP No. 7 on the grounds, and to the extent that, it is overbroad or seeks irrelevant documents and is therefore unduly burdensome. BHL further objects to RFP No. 7 on the grounds, and to the extent that, it seeks information, documents, or other materials that are within the

11

possession, custody, or control of Plaintiffs, and/or their counsel, and/or that are publicly available, and, therefore, may be accessed by Plaintiffs with less burden than to BHL to identify and provide the requested information.

Based on the foregoing objections, BHL will not respond to the RFP as written. However, BHL is willing to meet and confer with respect to this RFP and BHL's objections thereto.

**RFP No. 8**: Documents sufficient to show all incentives or benefits, including but not limited to lower pricing, that Binance offered to VIPs.

**Response to RFP No. 8**:

BHL objects to RFP No. 8 on the grounds, and to the extent that, it seeks documents that are beyond the permissible scope of jurisdictional discovery as so limited by the Court's Order. BHL further objects to RFP No. 8 on the grounds, and to the extent that, it is vague or ambiguous and, as such, would require BHL to speculate as to the meaning of the RFP. BHL further objects to RFP No. 8 on the grounds, and to the extent that, it seeks documents reflecting information that is confidential, proprietary, or otherwise protected by a court-imposed protective order, including to the extent any such duty of confidence is owed by BHL to third-parties. BHL further objects to RFP No. 8 on the grounds, and to the extent that, it is not proportional to the needs of the case. BHL further objects to RFP No. 8 on the grounds, and to the extent that, it is overbroad or seeks irrelevant documents and is therefore unduly burdensome.

Based on the foregoing objections, BHL will not respond to the RFP as written. However, BHL is willing to meet and confer with respect to this RFP and BHL's objections thereto.

**RFP No. 9**: Documents sufficient to show the trade volume of each Retained VIP as compared to the volume of all trades on the Binance Platform.

**Response to RFP No .9**:

BHL objects to RFP No. 9 on the grounds, and to the extent that, it seeks documents that are beyond the permissible scope of jurisdictional discovery as so limited by the Court's Order. BHL further objects to RFP No. 9 on the grounds, and to the extent that, Plaintiffs' definition of "Retained VIPs" is vague or ambiguous and, as such, would require BHL to speculate as to the meaning of the RFP. BHL further objects to RFP No. 9 on the grounds, and to the extent that, it seeks documents reflecting information that is confidential, proprietary, or otherwise protected by a court-imposed protective order, including to the extent any such duty of confidence is owed by BHL to third-parties. BHL further objects to RFP No. 9 on the grounds, and to the extent that, it is not proportional to the needs of the case. BHL further objects to RFP No. 9 on the grounds, and to the extent that, it is overbroad or seeks irrelevant documents and is therefore unduly burdensome.

Based on the foregoing objections, BHL will not respond to the RFP as written. However, BHL is willing to meet and confer with respect to this RFP and BHL's objections thereto.

**RFP No. 10**: Documents sufficient to identify the "single U.S. VIP user [who] was responsible for 12% of all trading volume on Binance.com" in October 2020 as described on page 11 of the FinCEN Consent Order.

**Response to RFP No. 10**:

BHL objects to RFP No. 10 on the grounds, and to the extent that, it seeks documents that are beyond the permissible scope of jurisdictional discovery as so limited by the Court's Order. BHL further objects to RFP No. 10 on the grounds, and to the extent that, it seeks documents reflecting information that is confidential, proprietary, or otherwise protected by a court-imposed protective order, including to the extent any such duty of confidence is owed by BHL to third-parties. BHL further objects to RFP No. 10 on the grounds, and to the extent that, it is not

proportional to the needs of the case. BHL further objects to RFP No. 10 on the grounds, and to the extent that, it is overbroad or seeks irrelevant documents and is therefore unduly burdensome.

Based on the foregoing objections, BHL will not respond to the RFP as written. However, BHL is willing to meet and confer with respect to this RFP and BHL's objections thereto.

**RFP No. 11**: Documents sufficient to show the internal process by which exchange and over-the-counter transactions of any kind are executed, processed and settled on the Binance Exchange, including movement of funds into and out of omnibus wallets.

**Response to RFP No. 11**:

BHL objects to RFP No. 11 on the grounds, and to the extent that, it seeks documents that are beyond the permissible scope of jurisdictional discovery as so limited by the Court's Order. BHL further objects to RFP No. 11 on the grounds, and to the extent that, it is vague or ambiguous and, as such, would require BHL to speculate as to the meaning of the RFP. BHL further objects to RFP No. 11 on the grounds, and to the extent that, it seeks documents reflecting information that is confidential, proprietary, or otherwise protected by a court-imposed protective order, including to the extent any such duty of confidence is owed by BHL to third-parties. BHL further objects to RFP No. 11 on the grounds, and to the extent that, it is not proportional to the needs of the case. BHL further objects to RFP No. 11 on the grounds, and to the extent that, it is overbroad or seeks irrelevant documents and is therefore unduly burdensome.

Based on the foregoing objections, BHL will not respond to the RFP as written. However, BHL is willing to meet and confer with respect to this RFP and BHL's objections thereto.

**RFP No. 12**: Documents sufficient to show how exchange and over-the-counter transactions on the Binance Exchange are recorded in the ledgers, books and records of Binance.

**Response to RFP No. 12**:

BHL objects to RFP No. 12 on the grounds, and to the extent that, it seeks documents that are beyond the permissible scope of jurisdictional discovery as so limited by the Court's Order. BHL further objects to RFP No. 12 on the grounds, and to the extent that, it is vague or ambiguous and, as such, would require BHL to speculate as to the meaning of the RFP. BHL further objects to RFP No. 12 on the grounds, and to the extent that, it seeks documents reflecting information that is confidential, proprietary, or otherwise protected by a court-imposed protective order, including to the extent any such duty of confidence is owed by BHL to third-parties. BHL further objects to RFP No. 12 on the grounds, and to the extent that, it is not proportional to the needs of the case. BHL further objects to RFP No. 12 on the grounds, and to the extent that, it is overbroad or seeks irrelevant documents and is therefore unduly burdensome.

Based on the foregoing objections, BHL will not respond to the RFP as written. However, BHL is willing to meet and confer with respect to this RFP and BHL's objections thereto.

**RFP No. 13**:   Documents sufficient to show how crypto to fiat transactions of any kind are processed, converted and reconciled on the Binance Platform, including but not limited to the flow of funds and cryptocurrency, and any reconciliation thereof. *See, e.g.,* the Affidavit at 4 (describing Key Vision's "expected funds flow activity.").

**Response to RFP No. 13**:

BHL objects to RFP No. 13 on the grounds, and to the extent that, it seeks documents that are beyond the permissible scope of jurisdictional discovery as so limited by the Court's Order. BHL further objects to RFP No. 13 on the grounds, and to the extent that, it is vague or ambiguous and, as such, would require BHL to speculate as to the meaning of the RFP. BHL further objects to RFP No. 13 on the grounds, and to the extent that, it seeks documents reflecting information that is confidential, proprietary, or otherwise protected by a court-imposed protective order,

including to the extent any such duty of confidence is owed by BHL to third-parties. BHL further objects to RFP No. 13 on the grounds, and to the extent that, it is not proportional to the needs of the case. BHL further objects to RFP No. 13 on the grounds, and to the extent that, it is overbroad or seeks irrelevant documents and is therefore unduly burdensome.

Based on the foregoing objections, BHL will not respond to the RFP as written. However, BHL is willing to meet and confer with respect to this RFP and BHL's objections thereto.

**RFP No. 14**:  Documents sufficient to identify every Person owned in whole or in part by Zhao, such as Merit Peak, Key Vision and Sigma Chain and the "dozens of other … non-Binance entities, all beneficially owned by Zhao" referenced in Paragraph 6 of the Affidavit, that maintained both accounts at Signature Bank's New York branches and accounts on the Binance Platform.

**Response to RFP No. 14**:

BHL objects to RFP No. 14 on the grounds, and to the extent that, it seeks documents that are beyond the permissible scope of jurisdictional discovery as so limited by the Court's Order. BHL further objects to RFP No. 14 on the grounds, and to the extent that, it is vague or ambiguous and, as such, would require BHL to speculate as to the meaning of the RFP, including insofar as it does not identify entities or individuals by name or otherwise purports to place the burden on BHL to identify (or speculate as to the identity of) any such unnamed entities or persons. BHL further objects to RFP No. 14 on the grounds, and to the extent that, it seeks documents not within the possession, custody, or control of BHL, or that is available from a more convenient, more efficient, less burdensome, or less expensive source. BHL further objects to RFP No. 14 on the grounds, and to the extent that, it seeks documents reflecting information that is confidential, proprietary, or otherwise protected by a court-imposed protective order, including to the extent any such duty of confidence is owed by BHL to third-parties. BHL further objects to RFP No. 14 on the grounds,

and to the extent that, it is not proportional to the needs of the case. BHL further objects to RFP No. 14 on the grounds, and to the extent that, it is overbroad or seeks irrelevant documents and is therefore unduly burdensome.

Based on the foregoing objections, BHL will not respond to the RFP as written. However, BHL is willing to meet and confer with respect to this RFP and BHL's objections thereto.

**RFP No. 15**: Signature Bank statements for all accounts of the customers identified in response to Request No. 14.

**Response to RFP No. 15**:

BHL incorporates by reference all of its objections to RFP No. 14, and further objects to RFP No. 15 on the grounds, and to the extent that, it seeks documents that are beyond the permissible scope of jurisdictional discovery as so limited by the Court's Order. BHL further objects to RFP No. 15 on the grounds, and to the extent that, it is vague or ambiguous and, as such, would require BHL to speculate as to the meaning of the RFP. BHL further objects to RFP No. 15 on the grounds, and to the extent that, it seeks documents not within the possession, custody, or control of BHL, or that is available from a more convenient, more efficient, less burdensome, or less expensive source. BHL further objects to RFP No. 15 on the grounds, and to the extent that, it seeks documents reflecting information that is confidential, proprietary, or otherwise protected by a court-imposed protective order, including to the extent any such duty of confidence is owed by BHL to third-parties. BHL further objects to RFP No. 15 on the grounds, and to the extent that, it is not proportional to the needs of the case. BHL further objects to RFP No. 15 on the grounds, and to the extent that, it is overbroad or seeks irrelevant documents and is therefore unduly burdensome.

Based on the foregoing objections, BHL will not respond to the RFP as written. However,

BHL is willing to meet and confer with respect to this RFP and BHL's objections thereto.

**RFP No. 16**:  Signature Bank statements for all Binance accounts held at New York branches.

**Response to RFP No. 16**:

BHL objects to RFP No. 16 on the grounds, and to the extent that, it seeks documents that are beyond the permissible scope of jurisdictional discovery as so limited by the Court's Order. BHL further objects to RFP No. 16 on the grounds, and to the extent that, it is vague or ambiguous and, as such, would require BHL to speculate as to the meaning of the RFP.  BHL further objects to RFP No. 16 on the grounds, and to the extent that, it seeks documents reflecting information that is confidential, proprietary, or otherwise protected by a court-imposed protective order, including to the extent any such duty of confidence is owed by BHL to third-parties.  BHL further objects to RFP No. 16 on the grounds, and to the extent that, it is not proportional to the needs of the case.  BHL further objects to RFP No. 16 on the grounds, and to the extent that, it is overbroad or seeks irrelevant documents and is therefore unduly burdensome.  BHL further objects to RFP No. 16 on the grounds, and to the extent that, it seeks documents not within the possession, custody, or control of BHL, or that is available from a more convenient, more efficient, less burdensome, or less expensive source.

Based on the foregoing objections, BHL will not respond to the RFP as written.  However, BHL is willing to meet and confer with respect to this RFP and BHL's objections thereto.

**RFP No. 17**:  All contracts between Binance and any Person identified in response to Request No. 14.

**Response to RFP No. 17**:

BHL incorporates by reference all of its objections to RFP No. 14, and further objects to RFP No. 17 on the grounds, and to the extent that, it seeks documents that are beyond the

permissible scope of jurisdictional discovery as so limited by the Court's Order. BHL further objects to RFP No. 17 on the grounds, and to the extent that, it is vague or ambiguous and, as such, would require BHL to speculate as to the meaning of the RFP. BHL further objects to RFP No. 17 on the grounds, and to the extent that, it seeks documents not within the possession, custody, or control of BHL, or that is available from a more convenient, more efficient, less burdensome, or less expensive source. BHL further objects to RFP No. 17 on the grounds, and to the extent that, it seeks documents reflecting information that is confidential, proprietary, or otherwise protected by a court-imposed protective order, including to the extent any such duty of confidence is owed by BHL to third-parties. BHL further objects to RFP No. 17 on the grounds, and to the extent that, it is not proportional to the needs of the case. BHL further objects to RFP No. 17 on the grounds, and to the extent that, it is overbroad or seeks irrelevant documents and is therefore unduly burdensome.

Based on the foregoing objections, BHL will not respond to the RFP as written. However, BHL is willing to meet and confer with respect to this RFP and BHL's objections thereto.

**RFP No. 18**: Documents sufficient to show the relative trade volume on the Binance Platform of each of the entities identified in response to Request No. 14 as compared to all trades on the Binance Platform.

**Response to RFP No. 18**:

BHL incorporates by reference all of its objections to RFP No. 14, and further objects to RFP No. 18 on the grounds, and to the extent that, it seeks documents that are beyond the permissible scope of jurisdictional discovery as so limited by the Court's Order. BHL further objects to RFP No. 18 on the grounds, and to the extent that, it is vague or ambiguous and, as such, would require BHL to speculate as to the meaning of the RFP. BHL further objects to RFP No.

19

18 on the grounds, and to the extent that, it seeks documents not within the possession, custody, or control of BHL, or that is available from a more convenient, more efficient, less burdensome, or less expensive source.  BHL further objects to RFP No. 18 on the grounds, and to the extent that, it seeks documents reflecting information that is confidential, proprietary, or otherwise protected by a court-imposed protective order, including to the extent any such duty of confidence is owed by BHL to third-parties.  BHL further objects to RFP No. 18 on the grounds, and to the extent that, it is not proportional to the needs of the case.  BHL further objects to RFP No. 18 on the grounds, and to the extent that, it is overbroad or seeks irrelevant documents and is therefore unduly burdensome.

Based on the foregoing objections, BHL will not respond to the RFP as written.  However, BHL is willing to meet and confer with respect to this RFP and BHL's objections thereto.

**RFP No. 19**:  All Documents and Communications sent to or from Zhao (or copying Zhao) relating to the use of funds held at Signature Bank's New York branches in connection with trading or settlement activity on the Binance Platform.

**Response to RFP No. 19**:

BHL objects to RFP No. 19 on the grounds, and to the extent that, it seeks documents that are beyond the permissible scope of jurisdictional discovery as so limited by the Court's Order.  BHL further objects to RFP No. 19 on the grounds, and to the extent that, it is vague or ambiguous and, as such, would require BHL to speculate as to the meaning of the RFP.  BHL further objects to RFP No. 19 on the grounds, and to the extent that, it seeks documents not within the possession, custody, or control of BHL, or that is available from a more convenient, more efficient, less burdensome, or less expensive source.  BHL further objects to RFP No. 19 on the grounds, and to the extent that, it seeks documents reflecting information that is confidential, proprietary, or

20

otherwise protected by a court-imposed protective order, including to the extent any such duty of confidence is owed by BHL to third-parties.  BHL further objects to RFP No. 19 on the ground that seeking production of "[a]ll Documents and Communications" renders the Request overly broad and unduly burdensome because it demands a production of a universe of documents impossible to identify fully, thereby not permitting literal compliance.  BHL further objects to RFP No. 19 on the grounds, and to the extent that, it is not proportional to the needs of the case.  BHL further objects to RFP No. 19 on the grounds, and to the extent that, it is overbroad or seeks irrelevant documents and is therefore unduly burdensome.

Based on the foregoing objections, BHL will not respond to the RFP as written.  However, BHL is willing to meet and confer with respect to this RFP and BHL's objections thereto.

Date:   May 2, 2025

/s/ Ivan Torres
**CAHILL GORDON & REINDEL LLP**
Samson A. Enzer
Anirudh Bansal
Sesi Garimella
Ivan Torres
32 Old Slip
New York, NY 10005
(212) 701-3125

*Attorneys for Binance Holdings Limited*