# Exhibit C

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUDITH RAANAN *et al.*,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>　　- v. -<br><br>BINANCE HOLDINGS LIMITED and<br>CHANGPENG ZHAO,<br><br><br>　　　　　　　　　　　Defendants. | Civil Action Case No.<br><br>24 Civ. 00697 (JGK) |

## DEFENDANT CHANGPENG ZHAO'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION <u>RELATING TO JURISDICTIONAL DISCOVERY (NOS. 1-19)</u>

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the corresponding Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules"), Defendant Changpeng Zhao ("Mr. Zhao"), through his undersigned counsel, Baker & Hostetler LLP, hereby responds and objects to Plaintiffs' First Set of Requests for Production Relating to Jurisdictional Discovery to All Defendants (Nos. 1-19) (each an "RFP," and collectively the "RFPs"), as follows:

## <u>PRELIMINARY STATEMENT</u>

The responses made herein (the "Responses") are based on Mr. Zhao's investigation to date of those sources reasonably accessible and within his custody, possession, or control where Mr. Zhao reasonably believes responsive information may exist. Pursuant to Federal Rule of Civil Procedure 26(e), Mr. Zhao reserves his right to amend or supplement his Responses with additional information that may become available or come to his attention, and to rely upon such information in any hearing, trial, or other proceeding in this litigation in accordance with the applicable rules. Mr. Zhao also reserves his right to object to the use, competency, relevance, materiality, or

admissibility of any of the Responses, or their subject matter, at trial or any other proceedings, as necessary or appropriate. Any production of documents made on behalf of Mr. Zhao is not intended to imply that they necessarily were reviewed, possessed, or in the custody and/or control of Mr. Zhao. Any disclosure of information not responsive to the RFPs is inadvertent and is not intended to waive Mr. Zhao's right not to produce similar or related information or documents. In the event that any information protected from discovery pursuant to applicable privileges and statutory protections, including, but not limited to, the attorney-client privilege, the common-interest privilege, the attorney work-product doctrine, and any other applicable privilege or statutory or contractual restriction on disclosures is disclosed by Mr. Zhao, such disclosure is inadvertent and does not constitute and should not be construed to constitute a waiver of any privilege, protection, immunity, or limitation from disclosure. Mr. Zhao reserves the right to demand the return of any privileged or otherwise protected information inadvertently produced during discovery.

By responding to a particular RFP, Mr. Zhao does not represent that he has materials responsive to the RFP or that such materials exist or do not exist. No objection made, or lack thereof, is an admission by Mr. Zhao of the existence or non-existence of any documents. Any production of documents or information responsive to these RFPs to which Mr. Zhao has objected is not intended to and does not waive those or any other objections, including Mr. Zhao's right to object on any ground to a demand for further responses to these RFPs or the right to revise, correct, add to, supplement, or clarify any of the Responses consistent with applicable rules.

The Responses are supplied for "limited jurisdictional discovery" in this action, as directed in the Court's February 25, 2025 Order (ECF No. 53, the "Order"), and for no other purpose and are supplied subject to that limitation. In particular, Mr. Zhao maintains that, as per the Order, the scope of jurisdictional discovery is limited to: (1) with respect to Binance Holdings, Ltd.

("Binance" or "BHL"), "the character and extent of the connection, if any, between the alleged market-making activities of Binance's New York-based VIP customers and Binance's ability to provide financial services to Hamas and PIJ" (Order at 13); and, (2) with respect to Mr. Zhao, whether "[Mr.] Zhao supervised and controlled Binance's New York-based activity . . . []sufficient . . . to establish personal jurisdiction over [Mr.] Zhao." (Order at 12). As written, the RFPs seek information beyond this limited scope and appear to be an improper fishing expedition. *See, e.g.*, *Sonterra Cap. Master Fund Ltd.* v. *Credit Suisse Grp. AG*, 277 F. Supp. 3d 521, 599 (S.D.N.Y. 2017) (rejecting jurisdictional discovery request where plaintiffs "claim[ed] to seek "limited" discovery but where "an examination of what they hope to uncover show[ed] that their request is in fact quite broad" and noting that "[j]urisdictional discovery is not appropriate" where a request "goes as much to the heart of plaintiffs' claims on the merits as it does the jurisdictional issues."); *Reed Int'l Inc. v. Afghanistan International Bank*, 657 F. Supp. 3d 287, 299 (S.D.N.Y. 2023) ("discovery need not be granted to permit a fishing expedition for jurisdictional facts"); *RSM Prod. Corp. v. Fridman*, 643 F. Supp. 2d 382, 402 (S.D.N.Y. 2009) (accord); *Langenberg v. Sofair*, No. 03 CV 8339 KMK, 2006 WL 2628348, at *6 (S.D.N.Y. Sept. 11, 2006) (accord and citing cases). For this reason and those set out below, Mr. Zhao will not be producing documents under these RFPs unless and until the Parties have an opportunity to meet and confer regarding the scope of the jurisdictional discovery process in this litigation as well as the other objections in these Responses. Mr. Zhao reserves all his rights.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

Except as where otherwise indicated, Mr. Zhao incorporates herein by reference the Definitions set forth in Plaintiffs' RFPs.

1.    Mr. Zhao objects to the definition of "Defendants," "You" and "Your" as unduly burdensome, vague, ambiguous, and overbroad, to the extent it does not identify entities or

individuals by name or otherwise purports to place the burden on Mr. Zhao to identity (or speculate as to the identity of) any such unnamed entities or persons. Mr. Zhao further objects to the definition as overbroad and unduly burdensome to the extent that it includes Mr. Zhao's "attorneys, agents, representatives, assigns, or other Persons acting or purporting to act on their behalf, any non-U.S. affiliates, or any entities under their legal or practical control."

2.    Mr. Zhao objects to the definition of "Binance" as unduly burdensome, vague, ambiguous, and overbroad, to the extent it includes BHL's "attorneys, agents, representatives, assigns, or other Persons (defined below) acting or purporting to act on its behalf, any non-U.S. affiliates, or any entities under its legal or practical control."

3.    Mr. Zhao objects to the definition of "VIPs," as unduly burdensome, vague, ambiguous, and overbroad, to the extent it does not identify entities or individuals by name or otherwise purports to place the burden on Mr. Zhao to identity (or speculate as to the identity of) any such unnamed entities or persons.

4.    Mr. Zhao objects to the definition of "Retained VIPs," as unduly burdensome, vague, ambiguous, and overbroad, to the extent it does not identify entities or individuals by name or otherwise purports to place the burden on Mr. Zhao to identity (or speculate as to the identity of) any such unnamed entities or persons.

5.    Mr. Zhao objects to the definitions of "Communication" and "Communications" insofar as they are defined more broadly than the definition of "communication" set forth in the Local Rules.

6.    Mr. Zhao objects to the definition of "Document" and "Documents" insofar as they are defined more broadly than the definition of "document" as set forth in the Local Rules.

7.     Mr. Zhao objects to the definition of "Electronic Data" as unduly burdensome, vague, ambiguous, overbroad, and unduly burdensome to the extent it calls for the production of information that is duplicative or calls for the production of data or information the collection of which is unduly burdensome, and therefore disproportionate to the needs of this case.

8.     Mr. Zhao objects to Instructions 1 and 7 concerning the continuing nature of Mr. Zhao's obligations as overbroad and unduly burdensome.

9.     Mr. Zhao objects to Instruction 3 regarding the identification of documents produced on a request-by-request basis.

10.     Mr. Zhao objects to Instruction 5 concerning the production of information in the possession, custody, or control of Mr. Zhao's counsel, employees, agents, servants, investigators, consultants and Representatives, and their counsel, employees, agents, servants, investigators, consultants and representatives, as overly broad, unduly burdensome and encompassing entities or persons over which Mr. Zhao may have no control.  Mr. Zhao also objects to Instruction 5 as vague with respect to its use of the term "Representatives," which Plaintiffs failed to define.

11.     Mr. Zhao objects to Instruction 6 regarding the identification of documents no longer in Mr. Zhao's care, custody, or control as overbroad and unduly burdensome.

## OBJECTIONS TO THE RFPS

**RFP NO. 1:    Documents sufficient to identify all Retained VIPs.**

**RESPONSE:** Mr. Zhao objects to RFP No. 1 to the extent that it seeks documents that are beyond the permissible scope of jurisdictional discovery as so limited by the Order. Mr. Zhao further objects to RFP No. 1 to the extent it requests the production of documents that are not in Mr. Zhao's possession, custody, or control, or are more readily obtainable from entities or persons other than Mr. Zhao, are already within the possession, custody, or control of Plaintiffs and/or their counsel, or are otherwise publicly available. Mr. Zhao further objects to RFP No. 1 to the extent

that Plaintiffs' definition of "Retained VIPs" is vague or ambiguous and, as such, would require Mr. Zhao to speculate as to the meaning of the RFP. Mr. Zhao further objects to RFP No. 1 to the extent that it is not proportional to the needs of the case. Mr. Zhao further objects to RFP No. 1 to the extent that it is overbroad or seeks irrelevant information and is therefore unduly burdensome. Mr. Zhao further objects to RFP No. 1 to the extent that it seeks legal conclusions and/or ultimate factual determinations. Mr. Zhao further objects to RFP No. 1 to the extent that it seeks documents or other information that are protected from discovery pursuant to applicable privileges and statutory protections, including, but not limited to, the attorney-client privilege, the common-interest privilege, and the attorney work-product doctrine, or are otherwise confidential, proprietary, other business information, or protected by a court-imposed protective order.

Given the foregoing objections, Mr. Zhao will not respond to the RFP as written. However, Mr. Zhao is willing to meet and confer to provide Plaintiffs an opportunity to address Mr. Zhao's foregoing objections.

**RFP NO. 2:** **Documents sufficient to show all physical addresses in Binance's records for each Retained VIP.**

**RESPONSE:** Mr. Zhao objects to RFP No. 2 to the extent that it seeks documents that are beyond the permissible scope of jurisdictional discovery as so limited by the Order. Mr. Zhao further objects to RFP No. 2 to the extent it requests the production of documents that are not in Mr. Zhao's possession, custody, or control, or are more readily obtainable from entities or persons other than Mr. Zhao, are already within the possession, custody, or control of Plaintiffs and/or their counsel, or are otherwise publicly available. Mr. Zhao further objects to RFP No. 2 to the extent that Plaintiffs' definition of "Retained VIPs" is vague or ambiguous and, as such, would require Mr. Zhao to speculate as to the meaning of the RFP. Mr. Zhao further objects to RFP No. 2 to the extent that it is not proportional to the needs of the case. Mr. Zhao further objects to RFP No. 2 to

the extent that it is overbroad or seeks irrelevant information and is therefore unduly burdensome. Mr. Zhao further objects to RFP No. 2 to the extent that it seeks legal conclusions and/or ultimate factual determinations. Mr. Zhao further objects to RFP No. 2 to the extent that it seeks documents or other information that are protected from discovery pursuant to applicable privileges and statutory protections, including, but not limited to, the attorney-client privilege, the common-interest privilege, and the attorney work-product doctrine, or are otherwise confidential, proprietary, other business information, or protected by a court-imposed protective order.

Given the foregoing objections, Mr. Zhao will not respond to the RFP as written. However, Mr. Zhao is willing to meet and confer to provide Plaintiffs an opportunity to address Mr. Zhao's foregoing objections.

**RFP NO. 3:    Documents sufficient to show all IP and MAC addresses used to access the Binance Platform by each Retained VIP.**

**RESPONSE:** Mr. Zhao objects to RFP No. 3 to the extent that it seeks documents that are beyond the permissible scope of jurisdictional discovery as so limited by the Order. Mr. Zhao further objects to RFP No. 3 to the extent it requests the production of documents that are not in Mr. Zhao's possession, custody, or control, or are more readily obtainable from entities or persons other than Mr. Zhao, are already within the possession, custody, or control of Plaintiffs and/or their counsel, or are otherwise publicly available. Mr. Zhao further objects to RFP No. 3 to the extent that Plaintiffs' definition of "Retained VIPs" is vague or ambiguous and, as such, would require Mr. Zhao to speculate as to the meaning of the RFP. Mr. Zhao further objects to RFP No. 3 to the extent that it is not proportional to the needs of the case. Mr. Zhao further objects to RFP No. 3 to the extent that it is overbroad or seeks irrelevant information and is therefore unduly burdensome. Mr. Zhao further objects to RFP No. 3 to the extent that it seeks legal conclusions and/or ultimate factual determinations. Mr. Zhao further objects to RFP No. 3 to the extent that it seeks documents

or other information that are protected from discovery pursuant to applicable privileges and statutory protections, including, but not limited to, the attorney-client privilege, the common-interest privilege, and the attorney work-product doctrine, or are otherwise confidential, proprietary, other business information, or protected by a court-imposed protective order.

Given the foregoing objections, Mr. Zhao will not respond to the RFP as written. However, Mr. Zhao is willing to meet and confer to provide Plaintiffs an opportunity to address Mr. Zhao's foregoing objections.

> **RFP NO. 4:**  **All Documents and Communications concerning the decision in the summer of 2019 to retain certain VIPs on the Binance Platform following the launch of the Binance.US exchange as described on pages 11-12 of the FinCEN Consent Order.**

**RESPONSE:** Mr. Zhao objects to RFP No. 4 to the extent that it seeks documents that are beyond the permissible scope of jurisdictional discovery as so limited by the Order. Mr. Zhao further objects to RFP No. 4 to the extent it requests the production of documents that are not in Mr. Zhao's possession, custody, or control, or are more readily obtainable from entities or persons other than Mr. Zhao, are already within the possession, custody, or control of Plaintiffs and/or their counsel, or are otherwise publicly available. Mr. Zhao further objects to RFP No. 4 to the extent that it is vague or ambiguous because it refers generally to "the decision in the summer of 2019" to retain "certain" unidentified VIPs, and, as such, would require Mr. Zhao to speculate as to the meaning of the RFP. Specifically, it is unclear which decision Plaintiffs are referring to and as to which VIPs the alleged decision pertains to. Mr. Zhao further objects to RFP No. 4 to the extent that it is not proportional to the needs of the case. Mr. Zhao further objects to RFP No. 4 to the extent that it is overbroad or seeks irrelevant information and is therefore unduly burdensome, particularly given that the request is for "All Documents and Communications," which is improper under the Federal Rules of Civil Procedure. Mr. Zhao further objects to RFP No. 4 to the extent

that it seeks legal conclusions and/or ultimate factual determinations. Mr. Zhao further objects to RFP No. 4 to the extent that it seeks documents or other information that are protected from discovery pursuant to applicable privileges and statutory protections, including, but not limited to, the attorney-client privilege, the common-interest privilege, and the attorney work-product doctrine, or are otherwise confidential, proprietary, other business information, or protected by a court-imposed protective order.

Given the foregoing objections, Mr. Zhao will not respond to the RFP as written. However, Mr. Zhao is willing to meet and confer to provide Plaintiffs an opportunity to address Mr. Zhao's foregoing objections.

**RFP NO. 5:    All Documents and Communications concerning efforts to retain VIPs or other high-volume trading customers in New York following the launch of the Binance.US platform.**

**RESPONSE:** Mr. Zhao objects to RFP No. 5 to the extent that it seeks documents that are beyond the permissible scope of jurisdictional discovery as so limited by the Order. Mr. Zhao further objects to RFP No. 5 to the extent it requests the production of documents that are not in Mr. Zhao's possession, custody, or control, or are more readily obtainable from entities or persons other than Mr. Zhao, are already within the possession, custody, or control of Plaintiffs and/or their counsel, or are otherwise publicly available. Mr. Zhao further objects to RFP No. 5 to the extent that it is vague or ambiguous because it refers generally to "efforts" to retain unidentified VIPs, and, as such, would require Mr. Zhao to speculate as to the meaning of the RFP. Specifically, it is unclear what constitutes an "effort" to retain VIPs and which "efforts" Plaintiffs are referring to. Mr. Zhao further objects to RFP No. 5 to the extent that it is not proportional to the needs of the case. Mr. Zhao further objects to RFP No. 5 to the extent that it is overbroad or seeks irrelevant information and is therefore unduly burdensome, particularly given that the request is for "All Documents and Communications," which is improper under the Federal Rules of Civil Procedure.

9

Mr. Zhao further objects to RFP No. 5 to the extent that it seeks legal conclusions and/or ultimate factual determinations. Mr. Zhao further objects to RFP No. 5 to the extent that it seeks documents or other information that are protected from discovery pursuant to applicable privileges and statutory protections, including, but not limited to, the attorney-client privilege, the common-interest privilege, and the attorney work-product doctrine, or are otherwise confidential, proprietary, other business information, or protected by a court-imposed protective order.

Given the foregoing objections, Mr. Zhao will not respond to the RFP as written. However, Mr. Zhao is willing to meet and confer to provide Plaintiffs an opportunity to address Mr. Zhao's foregoing objections.

**RFP NO. 6:**    **All Documents and Communications concerning Zhao's direction or knowledge of efforts to maintain VIPs or other high-volume trading customers on the Binance Platform following the launch of the Binance.US platform.**

**RESPONSE:** Mr. Zhao objects to RFP No. 6 to the extent that it seeks documents that are beyond the permissible scope of jurisdictional discovery as so limited by the Order. Mr. Zhao further objects to RFP No. 6 to the extent it requests the production of documents that are not in Mr. Zhao's possession, custody, or control, or are more readily obtainable from entities or persons other than Mr. Zhao, are already within the possession, custody, or control of Plaintiffs and/or their counsel, or are otherwise publicly available. Mr. Zhao further objects to RFP No. 6 to the extent that it is vague or ambiguous because it refers generally to "efforts" to retain unidentified VIPs, and, as such, would require Mr. Zhao to speculate as to the meaning of the RFP. Specifically, it is unclear what constitutes an "effort" to maintain VIPs and to which "efforts" Plaintiffs are referring. Mr. Zhao further objects to RFP No. 6 to the extent it is duplicative of RFP No. 5. Mr. Zhao further objects to RFP No. 6 to the extent that it is not proportional to the needs of the case. Mr. Zhao further objects to RFP No. 6 to the extent that it is overbroad or seeks irrelevant information and

is therefore unduly burdensome, particularly given that the request is for "All Documents and Communications," which is improper under the Federal Rules of Civil Procedure. Mr. Zhao further objects to RFP No. 6 to the extent that it seeks legal conclusions and/or ultimate factual determinations. Mr. Zhao further objects to RFP No. 6 to the extent that it seeks documents or other information that are protected from discovery pursuant to applicable privileges and statutory protections, including, but not limited to, the attorney-client privilege, the common-interest privilege, and the attorney work-product doctrine, or are otherwise confidential, proprietary, other business information, or protected by a court-imposed protective order.

Given the foregoing objections, Mr. Zhao will not respond to the RFP as written. However, Mr. Zhao is willing to meet and confer to provide Plaintiffs an opportunity to address Mr. Zhao's foregoing objections.

**RFP NO. 7:    All marketing materials, policies and procedures, and operational Documents concerning Binance's VIP Program.**

**RESPONSE:** Mr. Zhao objects to RFP No. 7 to the extent that it seeks documents that are beyond the permissible scope of jurisdictional discovery as so limited by the Order. Mr. Zhao further objects to RFP No. 7 to the extent it requests the production of documents that are not in Mr. Zhao's possession, custody, or control, or are more readily obtainable from entities or persons other than Mr. Zhao, are already within the possession, custody, or control of Plaintiffs and/or their counsel, or are otherwise publicly available. Mr. Zhao further objects to RFP No. 7 to the extent that it is vague or ambiguous because it refers generally to marketing materials, policies and procedures, and operational Documents that "concern[]" Binance's VIP program, and, as such, would require Mr. Zhao to speculate as to the meaning of the RFP. Specifically, it is unclear what Plaintiffs mean when they refer to "marketing materials" or how a document would "concern[]" Binance's VIP program. Mr. Zhao further objects to RFP No. 7 to the extent that it is not

proportional to the needs of the case. Mr. Zhao further objects to RFP No. 7 to the extent that it is

overbroad or seeks irrelevant information and is therefore unduly burdensome, particularly given

that the request is for "All marketing materials, policies and procedures, and operational

Documents," which is improper under the Federal Rules of Civil Procedure. Mr. Zhao further

objects to RFP No. 7 to the extent that it seeks legal conclusions and/or ultimate factual

determinations. Mr. Zhao further objects to RFP No. 7 to the extent that it seeks documents or

other information that are protected from discovery pursuant to applicable privileges and statutory

protections, including, but not limited to, the attorney-client privilege, the common-interest

privilege, and the attorney work-product doctrine, or are otherwise confidential, proprietary, other

business information, or protected by a court-imposed protective order.

Given the foregoing objections, Mr. Zhao will not respond to the RFP as written. However,

Mr. Zhao is willing to meet and confer to provide Plaintiffs an opportunity to address Mr. Zhao's

foregoing objections.

**RFP NO. 8:** **Documents sufficient to show all incentives or benefits, including but not limited to lower pricing, that Binance offered to VIPs.**

**RESPONSE:** Mr. Zhao objects to RFP No. 8 to the extent that it seeks documents that are

beyond the permissible scope of jurisdictional discovery as so limited by the Order. Mr. Zhao

further objects to RFP No. 8 to the extent it requests the production of documents that are not in

Mr. Zhao's possession, custody, or control, or are more readily obtainable from entities or persons

other than Mr. Zhao, are already within the possession, custody, or control of Plaintiffs and/or their

counsel, or are otherwise publicly available. Mr. Zhao further objects to RFP No. 8 to the extent

that it is vague or ambiguous because it refers generally to "incentives or benefits," and, as such,

would require Mr. Zhao to speculate as to the meaning of the RFP. Specifically, it is unclear what

Plaintiffs mean when they use the terms "incentives" or "benefits" and, aside from "lower pricing,"

what constitutes an "incentive" or a "benefit." Mr. Zhao further objects to RFP No. 8 to the extent it is duplicative of RFP No. 7. Mr. Zhao further objects to RFP No. 8 to the extent that it is not proportional to the needs of the case. Mr. Zhao further objects to RFP No. 8 to the extent that it is overbroad or seeks irrelevant information and is therefore unduly burdensome. Mr. Zhao further objects to RFP No. 8 to the extent that it seeks legal conclusions and/or ultimate factual determinations. Mr. Zhao further objects to RFP No. 8 to the extent that it seeks documents or other information that are protected from discovery pursuant to applicable privileges and statutory protections, including, but not limited to, the attorney-client privilege, the common-interest privilege, and the attorney work-product doctrine, or are otherwise confidential, proprietary, other business information, or protected by a court-imposed protective order.

Given the foregoing objections, Mr. Zhao will not respond to the RFP as written. However, Mr. Zhao is willing to meet and confer to provide Plaintiffs an opportunity to address Mr. Zhao's foregoing objections.

**RFP NO. 9:** **Documents sufficient to show the trade volume of each Retained VIP as compared to the volume of all trades on the Binance Platform.**

**RESPONSE:** Mr. Zhao objects to RFP No. 9 to the extent that it seeks documents that are beyond the permissible scope of jurisdictional discovery as so limited by the Order. Mr. Zhao further objects to RFP No. 9 to the extent it requests the production of documents that are not in Mr. Zhao's possession, custody, or control, or are more readily obtainable from entities or persons other than Mr. Zhao, are already within the possession, custody, or control of Plaintiffs and/or their counsel, or are otherwise publicly available. Mr. Zhao further objects to RFP No. 9 to the extent that Plaintiffs' definition of "Retained VIPs" is vague or ambiguous, and, as such, would require Mr. Zhao to speculate as to the meaning of the RFP. Mr. Zhao further objects to RFP No. 9 to the extent that it is not proportional to the needs of the case. Mr. Zhao further objects to RFP No. 9 to

the extent that it is overbroad or seeks irrelevant information and is therefore unduly burdensome. Mr. Zhao further objects to RFP No. 9 to the extent that it seeks legal conclusions and/or ultimate factual determinations. Mr. Zhao further objects to RFP No. 9 to the extent that it seeks documents or other information that are protected from discovery pursuant to applicable privileges and statutory protections, including, but not limited to, the attorney-client privilege, the common-interest privilege, and the attorney work-product doctrine, or are otherwise confidential, proprietary, other business information, or protected by a court-imposed protective order.

Given the foregoing objections, Mr. Zhao will not respond to the RFP as written. However, Mr. Zhao is willing to meet and confer to provide Plaintiffs an opportunity to address Mr. Zhao's foregoing objections.

**RFP NO. 10:** **Documents sufficient to identify the "single U.S. VIP user [who] was responsible for 12% of all trading volume on Binance.com" in October 2020 as described on page 11 of the FinCEN Consent Order.**

**RESPONSE:** Mr. Zhao objects to RFP No. 10 to the extent that it seeks documents that are beyond the permissible scope of jurisdictional discovery as so limited by the Order. Mr. Zhao further objects to RFP No. 10 to the extent it requests the production of documents that are not in Mr. Zhao's possession, custody, or control, or are more readily obtainable from entities or persons other than Mr. Zhao, are already within the possession, custody, or control of Plaintiffs and/or their counsel, or are otherwise publicly available. Mr. Zhao further objects to RFP No. 10 to the extent that it is not proportional to the needs of the case. Mr. Zhao further objects to RFP No. 10 to the extent that it is overbroad or seeks irrelevant information and is therefore unduly burdensome. Mr. Zhao further objects to RFP No. 10 to the extent that it seeks legal conclusions and/or ultimate factual determinations. Mr. Zhao further objects to RFP No. 10 to the extent that it seeks documents or other information that are protected from discovery pursuant to applicable privileges and statutory protections, including, but not limited to, the attorney-client privilege, the common-

14

interest privilege, and the attorney work-product doctrine, or are otherwise confidential, proprietary, other business information, or protected by a court-imposed protective order.

Given the foregoing objections, Mr. Zhao will not respond to the RFP as written. However, Mr. Zhao is willing to meet and confer to provide Plaintiffs an opportunity to address Mr. Zhao's foregoing objections.

> **RFP NO. 11:** **Documents sufficient to show the internal process by which exchange and over-the-counter transactions of any kind are executed, processed and settled on the Binance Exchange, including movement of funds into and out of omnibus wallets.**

**RESPONSE:** Mr. Zhao objects to RFP No. 11 to the extent that it seeks documents that are beyond the permissible scope of jurisdictional discovery as so limited by the Order. Mr. Zhao further objects to RFP No. 11 to the extent it requests the production of documents that are not in Mr. Zhao's possession, custody, or control, or are more readily obtainable from entities or persons other than Mr. Zhao, are already within the possession, custody, or control of Plaintiffs and/or their counsel, or are otherwise publicly available. Mr. Zhao further objects to RFP No. 11 to the extent that it is vague or ambiguous, and, as such, would require Mr. Zhao to speculate as to the meaning of the RFP. Specifically, it is unclear what "internal process" Plaintiffs are looking for and how that information should be presented and to which transactions Plaintiffs are referring. Mr. Zhao further objects to RFP No. 11 to the extent that it is not proportional to the needs of the case. Mr. Zhao further objects to RFP No. 11 to the extent that it is overbroad or seeks irrelevant information and is therefore unduly burdensome. Mr. Zhao further objects to RFP No. 11 to the extent that it seeks legal conclusions and/or ultimate factual determinations. Mr. Zhao further objects to RFP No. 11 to the extent that it seeks documents or other information that are protected from discovery pursuant to applicable privileges and statutory protections, including, but not limited to, the attorney-client privilege, the common-interest privilege, and the attorney work-product doctrine,

or are otherwise confidential, proprietary, other business information, or protected by a court-imposed protective order.

Given the foregoing objections, Mr. Zhao will not respond to the RFP as written. However, Mr. Zhao is willing to meet and confer to provide Plaintiffs an opportunity to address Mr. Zhao's foregoing objections.

**RFP NO. 12: Documents sufficient to show how exchange and over-the-counter transactions on the Binance Exchange are recorded in the ledgers, books and records of Binance.**

**RESPONSE:** Mr. Zhao objects to RFP No. 12 to the extent that it seeks documents that are beyond the permissible scope of jurisdictional discovery as so limited by the Order. Mr. Zhao further objects to RFP No. 12 to the extent it requests the production of documents that are not in Mr. Zhao's possession, custody, or control, or are more readily obtainable from entities or persons other than Mr. Zhao, are already within the possession, custody, or control of Plaintiffs and/or their counsel, or are otherwise publicly available. Mr. Zhao further objects to RFP No. 12 to the extent that it is vague or ambiguous, and, as such, would require Mr. Zhao to speculate as to the meaning of the RFP. Specifically, it is unclear to which transactions Plaintiffs are referring. Mr. Zhao further objects to RFP No. 12 to the extent it is duplicative of RFP No. 11. Mr. Zhao further objects to RFP No. 12 to the extent that it is not proportional to the needs of the case. Mr. Zhao further objects to RFP No. 12 to the extent that it is overbroad or seeks irrelevant information and is therefore unduly burdensome. Mr. Zhao further objects to RFP No. 12 to the extent that it seeks legal conclusions and/or ultimate factual determinations. Mr. Zhao further objects to RFP No. 12 to the extent that it seeks documents or other information that are protected from discovery pursuant to applicable privileges and statutory protections, including, but not limited to, the attorney-client privilege, the common-interest privilege, and the attorney work-product doctrine, or are otherwise

confidential, proprietary, other business information, or protected by a court-imposed protective order.

Given the foregoing objections, Mr. Zhao will not respond to the RFP as written. However, Mr. Zhao is willing to meet and confer to provide Plaintiffs an opportunity to address Mr. Zhao's foregoing objections.

> **RFP NO. 13:  Documents sufficient to show how crypto to fiat transactions of any kind are processed, converted and reconciled on the Binance Platform, including but not limited to the flow of funds and cryptocurrency, and any reconciliation thereof. *See, e.g.,* the Affidavit at 4 (describing Key Vision's "expected funds flow activity.").**

**RESPONSE:** Mr. Zhao objects to RFP No. 13 to the extent that it seeks documents that are beyond the permissible scope of jurisdictional discovery as so limited by the Order. Mr. Zhao further objects to RFP No. 13 to the extent it requests the production of documents that are not in Mr. Zhao's possession, custody, or control, or are more readily obtainable from entities or persons other than Mr. Zhao, are already within the possession, custody, or control of Plaintiffs and/or their counsel, or are otherwise publicly available. Mr. Zhao further objects to RFP No. 13 to the extent that it is vague or ambiguous, and, as such, would require Mr. Zhao to speculate as to the meaning of the RFP. Specifically, it is unclear to which transactions Plaintiffs are referring. Mr. Zhao further objects to RFP No. 13 to the extent it is potentially duplicative of RFP Nos. 11 and 12. Mr. Zhao further objects to RFP No. 13 to the extent that it is not proportional to the needs of the case. Mr. Zhao further objects to RFP No. 13 to the extent that it is overbroad or seeks irrelevant information and is therefore unduly burdensome. Mr. Zhao further objects to RFP No. 13 to the extent that it seeks legal conclusions and/or ultimate factual determinations. Mr. Zhao further objects to RFP No. 13 to the extent that it seeks documents or other information that are protected from discovery pursuant to applicable privileges and statutory protections, including, but not limited to, the attorney-client privilege, the common-interest privilege, and the attorney work-product doctrine,

or are otherwise confidential, proprietary, other business information, or protected by a court-imposed protective order.

Given the foregoing objections, Mr. Zhao will not respond to the RFP as written. However, Mr. Zhao is willing to meet and confer to provide Plaintiffs an opportunity to address Mr. Zhao's foregoing objections.

> **RFP NO. 14:**  **Documents sufficient to identify every Person owned in whole or in part by Zhao, such as Merit Peak, Key Vision and Sigma Chain and the "dozens of other … non-Binance entities, all beneficially owned by Zhao" referenced in Paragraph 6 of the Affidavit, that maintained both accounts at Signature Bank's New York branches and accounts on the Binance Platform.**

**RESPONSE:** Mr. Zhao objects to RFP No. 14 to the extent that it seeks documents that are beyond the permissible scope of jurisdictional discovery as so limited by the Order. Mr. Zhao further objects to RFP No. 14 to the extent it requests the production of documents that are not in Mr. Zhao's possession, custody, or control, or are more readily obtainable from entities or persons other than Mr. Zhao, are already within the possession, custody, or control of Plaintiffs and/or their counsel, or are otherwise publicly available. Mr. Zhao further objects to RFP No. 14 to the extent that it is vague or ambiguous, and, as such, would require Mr. Zhao to speculate as to the meaning of the RFP. Specifically, it is unclear what constitutes beneficial ownership. Mr. Zhao further objects to RFP No. 14 to the extent that it is not proportional to the needs of the case. Mr. Zhao further objects to RFP No. 14 to the extent that it is overbroad or seeks irrelevant information and is therefore unduly burdensome. Mr. Zhao further objects to RFP No. 14 to the extent that it seeks legal conclusions and/or ultimate factual determinations. Mr. Zhao further objects to RFP No. 14 to the extent that it seeks documents or other information that are protected from discovery pursuant to applicable privileges and statutory protections, including, but not limited to, the attorney-client privilege, the common-interest privilege, and the attorney work-product doctrine,

or are otherwise confidential, proprietary, other business information, or protected by a court-imposed protective order.

Given the foregoing objections, Mr. Zhao will not respond to the RFP as written. However, Mr. Zhao is willing to meet and confer to provide Plaintiffs an opportunity to address Mr. Zhao's foregoing objections.

**RFP NO. 15:  Signature Bank statements for all accounts of the customers identified in response to Request No. 14.**

**RESPONSE:** Mr. Zhao objects to RFP No. 15 to the extent that it seeks documents that are beyond the permissible scope of jurisdictional discovery as so limited by the Order. Mr. Zhao further objects to RFP No. 15 to the extent it requests the production of documents that are not in Mr. Zhao's possession, custody, or control, or are more readily obtainable from entities or persons other than Mr. Zhao, are already within the possession, custody, or control of Plaintiffs and/or their counsel, or are otherwise publicly available. Mr. Zhao further objects to RFP No. 15 to the extent that it is not proportional to the needs of the case. Mr. Zhao further objects to RFP No. 15 to the extent that it is overbroad or seeks irrelevant information and is therefore unduly burdensome. Mr. Zhao further objects to RFP No. 15 to the extent that it seeks legal conclusions and/or ultimate factual determinations. Mr. Zhao further objects to RFP No. 15 to the extent that it seeks documents or other information that are protected from discovery pursuant to applicable privileges and statutory protections, including, but not limited to, the attorney-client privilege, the common-interest privilege, and the attorney work-product doctrine, or are otherwise confidential, proprietary, other business information, or protected by a court-imposed protective order.

Given the foregoing objections, Mr. Zhao will not respond to the RFP as written. However, Mr. Zhao is willing to meet and confer to provide Plaintiffs an opportunity to address Mr. Zhao's foregoing objections.

**RFP NO. 16:  Signature Bank statements for all Binance accounts held at New York branches.**

**RESPONSE:** Mr. Zhao objects to RFP No. 16 to the extent that it seeks documents that are beyond the permissible scope of jurisdictional discovery as so limited by the Order. Mr. Zhao further objects to RFP No. 16 to the extent it requests the production of documents that are not in Mr. Zhao's possession, custody, or control, or are more readily obtainable from entities or persons other than Mr. Zhao, are already within the possession, custody, or control of Plaintiffs and/or their counsel, or are otherwise publicly available. Mr. Zhao further objects to RFP No. 16 to the extent that it is vague or ambiguous, and, as such, would require Mr. Zhao to speculate as to the meaning of the RFP. Mr. Zhao further objects to RFP No. 16 to the extent it is duplicative of RFP No. 15. Mr. Zhao further objects to RFP No. 16 to the extent that it is not proportional to the needs of the case. Mr. Zhao further objects to RFP No. 16 to the extent that it is overbroad or seeks irrelevant information and is therefore unduly burdensome. Mr. Zhao further objects to RFP No. 16 to the extent that it seeks legal conclusions and/or ultimate factual determinations. Mr. Zhao further objects to RFP No. 16 to the extent that it seeks documents or other information that are protected from discovery pursuant to applicable privileges and statutory protections, including, but not limited to, the attorney-client privilege, the common-interest privilege, and the attorney work-product doctrine, or are otherwise confidential, proprietary, other business information, or protected by a court-imposed protective order.

Given the foregoing objections, Mr. Zhao will not respond to the RFP as written. However, Mr. Zhao is willing to meet and confer to provide Plaintiffs an opportunity to address Mr. Zhao's foregoing objections.

**RFP NO. 17:  All contracts between Binance and any Person identified in response to Request No. 14.**

**RESPONSE:** Mr. Zhao objects to RFP No. 17 to the extent that it seeks documents that are beyond the permissible scope of jurisdictional discovery as so limited by the Order. Mr. Zhao further objects to RFP No. 17 to the extent it requests the production of documents that are not in Mr. Zhao's possession, custody, or control, or are more readily obtainable from entities or persons other than Mr. Zhao, are already within the possession, custody, or control of Plaintiffs and/or their counsel, or are otherwise publicly available. Mr. Zhao further objects to RFP No. 17 to the extent that it is vague or ambiguous, and, as such, would require Mr. Zhao to speculate as to the meaning of the RFP. Specifically, it is unclear what constitutes a "contract." Mr. Zhao further objects to RFP No. 17 to the extent that it is not proportional to the needs of the case. Mr. Zhao further objects to RFP No. 17 to the extent that it is overbroad or seeks irrelevant information and is therefore unduly burdensome, particularly given that the request is for "All contracts," which is improper under the Federal Rules of Civil Procedure. Mr. Zhao further objects to RFP No. 17 to the extent that it seeks legal conclusions and/or ultimate factual determinations. Mr. Zhao further objects to RFP No. 17 to the extent that it seeks documents or other information that are protected from discovery pursuant to applicable privileges and statutory protections, including, but not limited to, the attorney-client privilege, the common-interest privilege, and the attorney work-product doctrine, or are otherwise confidential, proprietary, other business information, or protected by a court-imposed protective order.

Given the foregoing objections, Mr. Zhao will not respond to the RFP as written. However, Mr. Zhao is willing to meet and confer to provide Plaintiffs an opportunity to address Mr. Zhao's foregoing objections.

**RFP NO. 18:  Documents sufficient to show the relative trade volume on the Binance Platform of each of the entities identified in response to Request No. 14 as compared to all trades on the Binance Platform.**

**RESPONSE:** Mr. Zhao objects to RFP No. 18 to the extent that it seeks documents that are beyond the permissible scope of jurisdictional discovery as so limited by the Order. Mr. Zhao further objects to RFP No. 18 to the extent it requests the production of documents that are not in Mr. Zhao's possession, custody, or control, or are more readily obtainable from entities or persons other than Mr. Zhao, are already within the possession, custody, or control of Plaintiffs and/or their counsel, or are otherwise publicly available. Mr. Zhao further objects to RFP No. 18 to the extent that it is vague or ambiguous, and, as such, would require Mr. Zhao to speculate as to the meaning of the RFP. Specifically, it is unclear what Plaintiffs mean when they use the term "relative trade volume." Mr. Zhao further objects to RFP No. 18 to the extent it is duplicative of RFP No. 9. Mr. Zhao further objects to RFP No. 18 to the extent that it is not proportional to the needs of the case. Mr. Zhao further objects to RFP No. 18 to the extent that it is overbroad or seeks irrelevant information and is therefore unduly burdensome. Mr. Zhao further objects to RFP No. 18 to the extent that it seeks legal conclusions and/or ultimate factual determinations. Mr. Zhao further objects to RFP No. 18 to the extent that it seeks documents or other information that are protected from discovery pursuant to applicable privileges and statutory protections, including, but not limited to, the attorney-client privilege, the common-interest privilege, and the attorney work-product doctrine, or are otherwise confidential, proprietary, other business information, or protected by a court-imposed protective order.

Given the foregoing objections, Mr. Zhao will not respond to the RFP as written. However, Mr. Zhao is willing to meet and confer to provide Plaintiffs an opportunity to address Mr. Zhao's foregoing objections.

**RFP NO. 19:** **All Documents and Communications sent to or from Zhao (or copying Zhao) relating to the use of funds held at Signature Bank's New York branches in connection with trading or settlement activity on the Binance Platform.**

**RESPONSE:** Mr. Zhao objects to RFP No. 19 to the extent that it seeks documents that are beyond the permissible scope of jurisdictional discovery as so limited by the Order. Mr. Zhao further objects to RFP No. 19 to the extent it requests the production of documents that are not in Mr. Zhao's possession, custody, or control, or are more readily obtainable from entities or persons other than Mr. Zhao, are already within the possession, custody, or control of Plaintiffs and/or their counsel, or are otherwise publicly available. Mr. Zhao further objects to RFP No. 19 to the extent that it is vague or ambiguous, and, as such, would require Mr. Zhao to speculate as to the meaning of the RFP. Specifically, it is unclear what Plaintiffs mean when the use the phrase "use of funds" and when Documents and Communications "relate to" the "use of funds." Mr. Zhao further objects to RFP No. 19 to the extent it is potentially duplicative of RFP No. 6. Mr. Zhao further objects to RFP No. 19 to the extent that it is not proportional to the needs of the case. Mr. Zhao further objects to RFP No. 19 to the extent that it is overbroad or seeks irrelevant information and is therefore unduly burdensome, particularly given that the request is for "All Documents and Communications," which is improper under the Federal Rules of Civil Procedure. Mr. Zhao further objects to RFP No. 19 to the extent that it seeks legal conclusions and/or ultimate factual determinations. Mr. Zhao further objects to RFP No. 19 to the extent that it seeks documents or other information that are protected from discovery pursuant to applicable privileges and statutory protections, including, but not limited to, the attorney-client privilege, the common-interest privilege, and the attorney work-product doctrine, or are otherwise confidential, proprietary, other business information, or protected by a court-imposed protective order.

Given the foregoing objections, Mr. Zhao will not respond to the RFP as written.  However, Mr. Zhao is willing to meet and confer to provide Plaintiffs an opportunity to address Mr. Zhao's foregoing objections.

DATED: May 2, 2025                    Respectfully submitted,

                                      */s/ Marco Molina*

                                      **BAKER & HOSTETLER LLP**
                                      Teresa Goody Guillén
                                      Marco Molina
                                      Joanna F. Wasick
                                      45 Rockefeller Plaza
                                      New York, NY 10111
                                      (212) 589-4200

                                      *Attorneys for Changpeng Zhao*