# SEIDEN | LAW

August 14, 2025

**VIA ECF**
Hon. Barbara C. Moses
United States Magistrate Judge
United States District Court, Southern District of New York
500 Pearl Street, New York, NY 10007

**Re:** *Raanan et al. v. Binance Holdings Limited et al.*, 1:24-cv-00697-JGK-BCM

Dear Judge Moses:

We write on behalf of Plaintiffs and in opposition to Binance's motion to seal its production cover letter from its July 31, 2025 production. ECF 88 ("Motion to Seal"; as to the letter, ECF 89-1, "Letter"). For the reasons set forth herein, Binance's Motion should be denied.[1]

## LEGAL STANDARD

"The common law right of public access to judicial documents is firmly rooted in our nation's history." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) ("*Lugosch*"). The public's presumptive right of access to judicial documents is "potent and fundamental," *Mirlis v. Greer*, 952 F.3d 51, 58 (2d Cir. 2020) and is "integral to our system of government," *United States v. Erie Cty., N.Y.*, 763 F.3d 235, 238-39 (2d Cir. 2014). Accordingly, motions to seal documents must be "carefully and skeptically reviewed ... to ensure that there really is an extraordinary circumstance or compelling need" to seal the documents from public inspection. *Video Software Dealers Ass'n v. Orion Pictures*, 21 F.3d 24, 27 (2d Cir. 1994). "The burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action." *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997).

Where a party seeks to seal documents, courts in the Second Circuit apply a three-part test under *Lugosch*. Pursuant to this test, a court first determines whether the documents at issue are "judicial documents" to which a presumption of public access attaches. *Lugosch*, 435 F.3d at 119. If so, a court determines the "weight of the presumption" of access. *Id.* Finally, a court must balance "competing considerations" against the weight of the presumption of access. *Id.* at 120.

## I. DEFENDANTS' MOTION SHOULD BE DENIED

### A. Defendants' Motion Violates Rules 3.e And 3.f Of Your Honor's Individual Practices

The Court should deny Binance's Motion because it violates Rule 3.e of Your Honor's Individual Practices. Rule 3.e sets forth the Court's guidelines for motions to seal:

---

[1] Capitalized terms not defined herein have the same meaning ascribed to them in Plaintiffs' Motion to Compel Defendants to Produce Documents Responsive to Plaintiffs' Jurisdictional Discovery Requests (ECF 86; "Motion to Compel"). All emphasis is added; internal citations and quotations are omitted.

> To be approved, any sealing or redaction of a court filing must be narrowly tailored to serve the purpose that requires the sealing or redaction and must be otherwise consistent with the presumption in favor of public access to judicial documents described in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). **The parties are cautioned that the designation of documents as "confidential" for discovery purposes does not, without more, justify a sealing or redaction order**.

Rule 3.e.

Binance's sole justification for sealing appears to be that the Letter contains "nonpublic proprietary information," thus Binance "***designated the production letter as 'Confidential'*** under the July 31, 2025 Protective Order (ECF No. 84) [.]" Motion to Seal at 1. Binance offers no further support beyond this sole assertion and fails to explain how the Motion satisfies the three-part *Lugosch* test. Binance's Motion should be denied for this reason alone. *See 42West LLC v. Gould*, 2024 WL 4263235, at *3 (S.D.N.Y. Sept. 20, 2024) ("The mere existence of a confidentiality agreement is insufficient to overcome the heavy presumption of access here."; citing authorities).

The Court should also deny Binance's Motion because it violates Rule 3.f of Your Honor's Individual Practices. Under Rule 3.f, the party seeking leave to file sealed materials "should meet and confer with any opposing parties …in advance to narrow the scope of the request." Rule 3.f.

Binance did no such thing. No meet and confer took place; Binance did not even request a meet and confer in connection with this Motion. To that effect, Plaintiffs learned about Binance's Motion to Seal for the first time on August 7, 2025 when Binance filed it in connection with its opposition to Plaintiffs' Motion to Compel, warranting denial of the Motion.

### B. Defendants' Motion Does Not Satisfy *Lugosch's* Standard

For numerous reasons, Binance does not satisfy its burden for sealing under *Lugosch*. *First*, because the Letter is a "judicial document," the presumption of public access attaches. *Lugosch*, 435 F.3d at 120. "Judicial documents" are those that are "relevant to the performance of the judicial function and useful in the judicial process." *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995). A document filed with a court is a judicial document "***if it would reasonably have the tendency to influence a district court's ruling on a motion*** or in the exercise of its supervisory powers, without regard to which way the court ultimately rules or whether the document ultimately in fact influences the court's decision." *Olson v. Major League Baseball*, 29 F.4th 59, 89 (2d Cir. 2022).

As a preliminary matter, Binance failed to assert that the Letter is not a judicial document, waiving this argument. In any event, the Letter is a judicial document because Defendants submitted it in connection with their opposition to Plaintiffs' Motion to Compel. Motion at 1 (noting that the Letter is "attached as Exhibits A to [Binance's] contemporaneously filed opposition to Plaintiffs' motion to compel."); ECF 87 at 5 (citing the Letter as an exhibit in opposition to the Motion to Compel). To that effect, Binance relies on the Letter to support Binance's contention that it did not "unilaterally-curate[]" the July Production and to establish that Binance used supposedly appropriate discovery criteria. ECF 87 at 4-5. Accordingly, the

Letter is core to the Court's judicial function and process, as Defendants are relying on the Letter to support their requests for judicial relief. *See Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 166 (S.D.N.Y. 2018) ("[O]nce [documents submitted to support or oppose a motion] come to the attention of the district judge, they can fairly be assumed to play a role in the court's deliberations."; citing *Lugosch*, 435 F.3d at 123); *Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co.*, 2016 WL 7188795, at *2 (S.D.N.Y. Dec. 7, 2016) ("Where, as here, the disputed documents are filed in support of or in opposition to a discovery motion … they are properly deemed "judicial documents").

*Second*, the Letter should not be sealed because the weight of the presumption of public access to this document is significant. The Second Circuit has emphasized that the "presumptive right to public observation is **at its apogee when asserted with respect to documents relating to matters that directly affect an adjudication**." *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 140 (2d Cir. 2004). "**If a party submitted the document as part of the process of adjudication, the presumption of public access accorded the document is entitled to great weight**." *United States v. Sattar*, 471 F. Supp. 2d 380, 386 (S.D.N.Y. 2006).

Binance waived any arguments as to the weight of public access by failing to assert such arguments. Moreover and as discussed above, because Binance submitted the Letter as a supporting exhibit to its opposition to Plaintiffs' Motion to Compel, Binance made the Letter part of the process of the Court's adjudication, giving the presumption of public access to the Letter significant weight.

And *third*, Binance cannot overcome the presumption of public access to the Letter based on competing interests. Such competing interests include "a third party's personal privacy interests, the public's safety, or preservation of attorney-client privilege." *Bernsten*, 307 F. Supp. 3d at 168. The First Amendment presumption of public access may be overcome only if the moving party makes "specific, on the record findings ... demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120. "Broad and general findings" and "conclusory assertion[s]" are insufficient to justify deprivation of public access to the record. *Matter of New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987).

Binance waived this argument too, failing to raise any competing interests or higher values whatsoever. As such Binance has not met its burden, warranting the denial of the Motion. *See Richtone Design Grp., L.L.C. v. Kelly*, 2023 WL 3170405, at *2 (S.D.N.Y. May 1, 2023) (denying motion to seal where plaintiff "failed to explain the harm to any particular commercial interest that results from public access" to documents at issue); *see also Eletson Holdings, Inc. v. Levona Holdings Ltd.*, 2023 WL 5956144, at *4 (S.D.N.Y. Sept. 13, 2023) (noting that courts should be "skeptical of sealing information that is [alleged to be] commercially sensitive, particularly where it is highly relevant to the dispute and by extension, to the public's understanding of the court's decision.").

\*\*\*\*\*\*\*\*\*\*\*

For all the reasons set forth herein, the Court should deny Binance's Motion to Seal.

**SEIDEN | LAW**

                Respectfully submitted,

                */s/ Jake Nachmani*
                **SEIDEN LAW LLP**
                Robert W. Seiden
                Amiad Kushner
                Jake Nachmani
                Jennifer Blecher
                Dov Gold
                322 Eighth Avenue, Suite 1200
                New York, NY 10001
                (212) 523-0686

                **PERLES LAW FIRM, P.C.**

                Steven R. Perles
                (*pro hac vice motion to be filed*)
                Joshua K. Perles
                (*pro hac vice motion to be filed*)
                Edward B. MacAllister
                (*pro hac vice*)
                816 Connecticut Avenue, NW
                12th Floor
                Washington, D.C. 20006
                (202) 955-9055

                *Attorneys for Plaintiffs*

cc: All counsel of record (via ECF)