# SEIDEN | LAW

January 22, 2026

**VIA ECF & FEDEX**
Hon. Barbara C. Moses
United States Magistrate Judge
United States District Court, Southern District of New York
500 Pearl Street, New York, NY 10007

**Re:** *Raanan et al. v. Binance Holdings Limited et al.*, 1:24-cv-00697-JGK-BCM

Dear Judge Moses:

Pursuant to Rules 1.a-d of Your Honor's Individual Practices, we write on behalf of Plaintiffs to bring to the Court's attention newly-disclosed information concerning Binance's management and operations (Section I *infra*) and to seek the Court's leave to file the below proposed sur-reply (Section II *infra*) as to how this information further supports the Court's granting of Plaintiffs' motion to compel that has been fully briefed since August 13, 2025 (ECF 86 ("Pl. Letter") and ECF 91 ("Pl. Reply Letter"); collectively, the "Motion to Compel").[1]

### I. Zhao's Life Partner Is Now Binance's Co-CEO

In his opposition to Plaintiffs' Motion to Compel, Defendant Changpeng Zhao disclaimed any obligation to produce documents that are in Binance's possession, custody, or control, pointing to his settlement with U.S. authorities that purportedly "prohibited him from any present or future involvement in operating or managing [Binance]'s business" and supposedly rendered him "merely a shareholder to [Binance] with no executive or directorial positions." ECF 90 at 4-5. While Plaintiffs have already explained the legal baselessness of this assertion (Pl. Reply Letter at 5), there is now reason to believe that Zhao continues to retain significant control over Binance.

As the Court may be aware, in October 2025, President Trump pardoned Defendant Zhao. Though this pardon relieved Zhao of criminal liability, it did not negate the existing regulatory settlements that barred Zhao from serving in an executive position at Binance. Thereafter, in December 2025, Binance named Yi He as its "co-CEO," with Yi He's sharing sweeping control over Binance and CEO duties with Binance's then-acting CEO, Richard Teng. Ex. A at 1-2. Having been in a long-term relationship with Zhao since 2014 and reported to be living with him in Abu Dhabi, Yi He describes herself as Zhao's life and business partner, is the mother of three of his children, and is referred to as Zhao's "defender-in-chief." Ex. B at 1-4; Ex. C at 4-6. A Binance executive since 2017, Yi He represents to former Binance employees "the regulation-phobic strategy" that resulted in Binance's guilty plea and $4.3 billion in fines, the largest ever imposed on a crypto company. Ex. C at 4. In connection with Binance's settlement with the DOJ, the DOJ sought to require Yi He to be removed and barred from Binance; it remains unclear why that did not occur. Ex. D at 7. After Zhao, Yi He is the second largest Binance shareholder. *Id.* at 6. She also headed a venture capital firm and family office controlled by Zhao. *Id.* at 5.

---

[1] Capitalized terms not defined herein have the same meaning ascribed in Plaintiffs' Motion to Compel. All emphasis is added; internal citations and quotations are omitted.

## II. Zhao Can Exercise Possession, Custody, Or Control Over Responsive Documents

In his opposition to Plaintiffs' Motion to Compel, Zhao maintains that he should not be compelled to produce responsive documents because these documents are in Binance's possession, custody, or control – not his. ECF 90 at 5. Even if the Court disagrees with Plaintiffs' arguments as to why Zhao's assertion of lack of control or practical ability to access responsive materials is factually and legally baseless (Pl. Reply Letter at 5), Yi He's becoming Binance's co-CEO constitutes new and compelling evidence that Zhao's position lacks credibility.

Rule 34 of the Federal Rules of Civil Procedure is clear that where documents are in the "possession, custody, or control of a party," they must be produced. Fed. R. Civ. P. 34(a)(1). A party "has control over material that it has the practical ability to obtain." *S.E.C. v. Strauss*, 2009 WL 3459204, at *7 (S.D.N.Y. Oct. 28, 2009). Such control "has been extended to documents that may be in the possession of a third party," including third-party spouses. *New York ex rel. Boardman v. Nat'l R.R. Passenger Corp.*, 233 F.R.D. 259, 267 (N.D.N.Y. 2006).

Here, because Zhao's longtime life and business partner is now Binance's co-CEO, Zhao has the practical ability to obtain responsive documents in Binance's possession, warranting Zhao to produce these responsive documents. *See United States v. Freidus*, 1989 WL 140254, at *2–3 (S.D.N.Y. Nov. 13, 1989) (compelling party-husband to produce documents held by non-party wife).

For the reasons set forth herein and in Plaintiffs' Motion to Compel, the Court should order Defendants to produce all documents responsive to Plaintiffs' Requests.[2]

Respectfully submitted,

*/s/ Jake Nachmani*
**SEIDEN LAW LLP**
Robert W. Seiden
Amiad Kushner
Jake Nachmani
Jennifer Blecher
Dov Gold
322 Eighth Avenue, Suite 1200
New York, NY 10001
(212) 523-0686

**PERLES LAW FIRM, P.C.**
Steven R. Perles
(*pro hac vice motion to be filed*)
Joshua K. Perles
(*pro hac vice motion to be filed*)
Edward B. MacAllister
(*pro hac vice*)
816 Connecticut Avenue, NW, 12th Floor
Washington, D.C. 20006
(202) 955-9055

*Attorneys for Plaintiffs*

cc: All counsel of record (via ECF)

---

[2] The Court should also deny Binance's Motion to Seal (ECF 88) for the reasons set forth in Plaintiff's opposition letter (ECF 92). Binance's Motion to Seal has likewise been fully briefed since August 2025; Binance opted not to file a reply to its Motion to Seal after Plaintiffs had filed their opposition letter on August 14, 2025.