UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDITH RAANAN, et al.,

        Plaintiffs,

-against-

BINANCE HOLDINGS LIMITED, et al.,

        Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __01/22/26__

24-CV-697 (JGK) (BCM)

**ORDER DENYING SEALING MOTION**

**BARBARA MOSES, United States Magistrate Judge.**

    In connection with a dispute concerning its obligation to produce jurisdictional discovery, defendant Binance Holdings Limited (BHL or Binance) filed a letter-motion (BHL Sealing Mot.) (Dkts. 88, 89) seeking leave to maintain under seal its July 31, 2025 "production letter" (Prod. Letter) (Dkt. 89-1). The 2-page Production Letter describes, at a high level, the documents that it produced to plaintiffs on July 31, 2025 (all of which concern certain Binance "Enterprise VIP Users," identified as possible "U.S. users," for the period September 2022 through October 2023); explains how those entities were selected; and asserts that "the total trading volume for all of these users combined during the foregoing period amounted to less than 1.32% [of] the global trading volume on the Binance platform." Prod. Letter at 1-2. Additionally, the letter advises plaintiffs that BHL designated its production "Confidential" pursuant to the parties' Protective Order (Dkt. 84), even though the documents it produced were also redacted to remove information "that identifies particular entities or individuals by name." Prod. Letter at 1 n.1. In its sealing motion, BHL asserts that the Production Letter "detail[s] the contents of the production, which included nonpublic proprietary information," BHL Sealing Mot. at 1, and advises that it has designated the Production Letter itself as "Confidential." *Id*. BHL offers no other reason for sealing the Production Letter.

    When a party seeks to seal documents, courts in the Second Circuit apply a three-step test under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), and its progeny. First,

the court must determine whether the documents at issue are "judicial documents," to which a presumption of public access attaches. *Id.* at 119. The Production Letter is clearly a "judicial document," because it was submitted to the Court in an effort to demonstrate that BHL has adequately responded to plaintiffs' jurisdictional discovery requests and should not be required to produce any further documents. *See Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co.*, 2016 WL 7188795, at *2 (S.D.N.Y. Dec. 7, 2016) ("Where, as here, the disputed documents are filed in support of or in opposition to a discovery motion *other than* a motion as to the discoverability or confidentiality of the disputed documents themselves, they are properly deemed 'judicial documents,' requiring the court to balance the public access presumption against the competing considerations identified by the party seeking to seal them.") (collecting cases).

Second, the court must determine the "weight of the presumption" of access. *Lugosch*, 435 F.3d at 120. Because the Production Letter was submitted in connection with a discovery motion rather than a dispositive motion, the presumption of access "has only 'modest' weight." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2023 WL 196134, at *3 (S.D.N.Y. Jan. 17, 2023); *accord Royal Park Invs.*, 2016 WL 7188795, at *2. However, even where the presumption of access is relatively weak, the party seeking a sealing order must "articulate specific and substantial reasons for sealing such material." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019). "[B]road allegations of harm unsubstantiated by specific examples or articulated reasoning fail to satisfy the test." *In re Keurig*, 2023 WL 196134, at *4 (quoting *Coventry Cap. US LLC v. EEA Life Settlements, Inc.*, 2017 WL 5125544, at *3 (S.D.N.Y. Nov. 2, 2017)) (alteration in original).

Assuming that the moving party has presented "specific and substantial reasons" for sealing, *Brown*, 929 F.3d at 50, the court must proceed to the third step and determine whether the moving party has met its burden of demonstrating "countervailing factors," "competing

considerations," or "higher values," *Lugosch*, 435 F.3d at 120, 124, sufficient to overcome the presumption of access. Neither "conclusory assertion[s]" of harm nor "[b]road and general findings by the trial court" will suffice. *In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987). Rather, a judicial document may be sealed only if "specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120 (quoting *In re N.Y. Times Co.*, 828 F.2d at 116).

I cannot make those findings here.

BHL has failed to articulate any "specific or substantial" reasons for sealing the Production Letter. The fact that it unilaterally designated its entire document production (comprising 338 pages, bearing Bates numbers -001 through -338, *see* Prod. Letter at 1) "Confidential" under the parties' Protective Order, along with the Production Letter itself, says nothing about whether any of those documents qualifies for sealing. *See Lugosch*, 435 F.2d at 126 ("the mere existence of a confidentiality order" does not justify a sealing order); *Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp.*, 2021 WL 1541385, at *2 (S.D.N.Y. Apr. 20, 2021) ("To the extent a party's justification for sealing is based on a confidentiality order, the party has not met its burden."); *Julian v. Metro. Life Ins. Co.*, 2020 WL 5913739, at *4 (S.D.N.Y. Oct. 6, 2020) ("[T]he mere fact that a document was marked 'confidential' during discovery does not establish that sealing is required.").

Nor can BHL persuade the Court that its 2-page Production Letter requires sealing by asserting – in broad and vague terms – that the 338 redacted pages it produced to plaintiffs under cover of that letter include "nonpublic proprietary information." BHL Sealing Mot. at 1. Those documents have not been made part of the record in this case, and are not the subject of BHL's sealing motion. Moreover, as noted above, the Production Letter describes the documents only in

general terms. Even assuming, therefore, that the documents produced in discovery (or some of them) are sufficiently sensitive to qualify for sealing, their status could not be imputed to the Production Letter. *See Brinks Glob. Servs. USA, Inc. v. Bonita Pearl, Inc.*, 2023 WL 4399042, at *3 (S.D.N.Y. July 6, 2023) (denying motion to seal the transcript of a discovery conference that revealed the *existence* of certain internal Brinks security regulations, where "[t]he confidential *content* of the [regulations] – that is, the sensitive business information at issue in the motion to compel – was not discussed during the . . . conference" and would not be revealed by the transcript).

Finally, I note that on August 7, 2025 (the same day BHL filed its sealing motion), it publicly filed its letter-brief in opposition to plaintiffs' motion to compel additional jurisdictional discovery. *See* BHL Opp. (Dkt. 87). In that letter-brief, BHL disclosed most of the same information contained in the Production Letter. *See* BHL Opp. at 1 (describing, at a high level, the documents that it produced on July 31, 2025; explaining how those documents were selected; and asserting, based on BHL's calculations, that "all the users combined accounted for approximately **1.3% of Binance's global trading volume** during the relevant period"). Indeed, BHL relies heavily on these facts in its defense of the motion to compel. *See id*. at 1-2 (arguing that its production was "**over-inclusive**" and that the facts derived from its production, including its 1.3% figure, "utterly refute Plaintiffs' far-fetched theory that New York-based enterprise VIP users were essential to liquidity on the Binance exchange").

For all of these reasons, BHL's motion to seal the Production Letter in its entirety (Dkts. 88, 89) is DENIED. BHL may, however, redact the password that it provided to plaintiffs, in the Production Letter, to enable them to access the 338 pages that it produced on July 31, 2025. Consequently, BHL is directed to refile the Production Letter on the public docket – with only the

4

password redacted – no later than **January 25, 2026**. The Clerk of Court is respectfully directed to maintain the unredacted Production Letter (Dkt. 89-1) under seal.

Dated: New York, New York
       January 22, 2026                         **SO ORDERED.**

                                                _____
                                                **BARBARA MOSES**
                                                **United States Magistrate Judge**

5