# BakerHostetler

Baker&Hostetler LLP

600 Anton Boulevard
Suite 900
Costa Mesa, CA 92626-7221

T 714.754.6600
F 714.754.6611
www.bakerlaw.com

Marco Molina

direct dial: 714.966.8833
mmolina@bakerlaw.com

January 29, 2026

**VIA ECF**

Hon. Barbara C. Moses
United States Magistrate Judge
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007

Re:     *Raanan et al. v. Binance Holdings Limited et al., 1:24-cv-00697-JGK-BCM*

Dear Judge Moses:

Defendant Changpeng Zhao respectfully submits this response to Plaintiffs' sur-reply filed in support of their motion to compel jurisdictional discovery. Even with the benefit of an additional submission, Plaintiffs still do not meet their burden to compel discovery from Mr. Zhao. Their sur-reply rests on speculation that a corporate title change involving a non-party executive somehow altered Mr. Zhao's possession, custody, or control over Binance's records. It did not. Nor does the sur-reply justify expanding the very limited Court-authorized jurisdictional discovery or imposing duplicative discovery obligations on Mr. Zhao, when the exact same set of materials are already the subject of requests and a motion to compel as to co-Defendant Binance Holdings Limited ("BHL") (which should also be denied for the reasons set out in BHL's opposition (ECF No. 87)). Plaintiffs' motion to compel should, therefore, be denied as to Mr. Zhao.

## I.    Procedural Posture

On July 31, 2025, Plaintiffs moved to compel jurisdictional discovery from Mr. Zhao and BHL. (ECF No. 86). On August 7, 2025, Mr. Zhao and BHL separately opposed that motion. (ECF Nos. 87 and 90). On August 13, 2025, Plaintiffs filed a reply in support of their motion (ECF No. 91). On January 22, 2026, Plaintiffs sought leave to file a third submission in support of the motion to compel, based on a December 3, 2025 public announcement that Ms. Yi He, a longtime Binance executive and Mr. Zhao's life partner, had been named Binance's co-CEO. (ECF No. 93). Plaintiffs submitted their proposed sur-reply simultaneously with their request for leave to file the same. In their sur-reply, Plaintiffs argue that Ms. He's appointment as Binance's co-CEO alters the control

Hon. Barbara C. Moses
January 29, 2026
Page 2

analysis under Rule 34[1] and supports compelling Mr. Zhao to produce Binance's corporate records.

The Court granted Plaintiffs leave to file their sur-reply the day after Plaintiffs made their request and set a schedule for Mr. Zhao's response. (ECF No. 95). Mr. Zhao therefore did not have an opportunity to be heard on the propriety of that request prior to the Court's ruling. Accordingly, Mr. Zhao respectfully preserves his objection that Plaintiffs' request was procedurally improper because Plaintiffs included the proposed sur-reply simultaneously with the request for leave—a practice that courts in this District have consistently rejected because it places the sur-reply before the Court without leave. *See, e.g.*, *United States v. Int'l Bus. Machs. Corp.*, 66 F.R.D. 383, 385 (S.D.N.Y. 1975) (reply papers "shall not be submitted until the court, having received and reviewed the application to file, invites them"); *Travelers Ins. Co. v. Buffalo Reinsurance Co.*, 735 F. Supp. 492, 495–96, *vacated in part on other grounds*, 739 F. Supp. 209 (S.D.N.Y. 1990) (striking a sur-reply filed contemporaneously with a motion for leave to file the same). Mr. Zhao also respectfully preserves his objection that Plaintiffs' request for leave to file a sur-reply—made more than **seven weeks** after the public announcement upon which it relies—was untimely. *See Clarex Ltd. v. Natixis Secs. Am. LLC*, 988 F. Supp. 2d 381, 384 (S.D.N.Y. 2013) (denying leave to file sur-reply where party waited more than a month after learning of the purportedly new information that is the subject of the sur-reply); *Lehman Bros. Holdings Inc. v. Bank of Am. Nat'l Ass'n*, 535 B.R. 608, 619 (Bankr. S.D.N.Y. 2015) (same). This unexplained delay underscores that the sur-reply does not reflect a material change in circumstances and that this Court should give it no weight.

## II.    The Sur-Reply Does Not Satisfy Plaintiffs' Burden on the Motion to Compel

Plaintiffs bear the burden on a motion to compel of showing that the requested discovery is relevant, proportional, and within the possession, custody or control of the party from whom the discovery is sought. *See* Fed. R. Civ. P. 26(b)(1), 34(a)(1), 37(a)(3)(B). That burden is heightened in the context of jurisdictional discovery, which is narrowly circumscribed and must not be used by plaintiffs as a vehicle for merits discovery or fishing expeditions. *See Filus v. LOT Polish Airlines*, 907 F.2d 1328, 1332 (2d Cir. 1990); *Zurich Am. Life Ins. Co. v. Nagel*, 571 F. Supp. 3d 168, 182 (S.D.N.Y. 2021); *RSM Prod. Corp. v. Fridman*, 643 F. Supp. 2d 382, 402 (S.D.N.Y. 2009). The sur-reply does not cure the deficiencies identified in Mr. Zhao's Opposition. Instead, it repackages speculation as evidence and seeks to broaden limited jurisdictional discovery through a status-based theory of "control" untethered to Rule 34. For these reasons, and those set forth below, the motion should be denied as to Mr. Zhao.

---

[1] References to Rule 34 refer to Rule 34 of the Federal Rules of Civil Procedure.

Hon. Barbara C. Moses
January 29, 2026
Page 3

### A.  Plaintiffs Still Fail to Show Mr. Zhao's Control Over Binance Records

At the outset, Plaintiffs' argument depends on an improper assumption about Ms. He's professional role and agency. To imply that Mr. Zhao exercises authority or control over the professional affairs of his life partner contravenes basic principles of individual autonomy and corporate governance. In her capacity as co-CEO, Ms. He cannot unilaterally produce Binance records in response to Rule 34 document requests directed to Mr. Zhao. Any production of Binance records would require adherence to established corporate procedures, consultation with company counsel, and action in the best interests of BHL—interests that do not include Mr. Zhao in his personal capacity.

In any event, Plaintiffs' theory is legally unfounded. In the Second Circuit, "control" under Rule 34 requires a showing that the party from whom discovery is sought has the legal right, authority, or practical ability to obtain the documents at issue on demand. *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 138–39 (2d Cir. 2007). Courts do not infer control from personal relationships, titles, or status alone. Rather, the inquiry is fact-specific and focuses on actual access or authority, not speculation or affiliation. *See id.* at 139 (rejecting control based solely on an individual's corporate position); *Stream SICAV v. Wang*, No. 12 Civ. 6682 (PAE), 2014 WL 2624753, at *4–9 (S.D.N.Y. June 12, 2014) (denying motion to compel where plaintiffs failed to show that a holding company or individual defendant had the legal authority or practical ability to obtain subsidiary records, notwithstanding ownership interests and overlapping management roles). Courts outside this Circuit are in accord. See *Clark v. Vega Wholesale Inc.*, 181 F.R.D. 470, 472–73 (D. Nev. 1998) (denying motion to compel where relationship and affiliation were insufficient to establish control); *Noaimi v. Zaid*, 283 F.R.D. 639, 641–42 (D. Kan. 2012) (denying motion to compel corporate documents where individual was an officer and minority owner but lacked legal authority to obtain records). Here, however, Plaintiffs do not explain how Ms. He's new role means that Mr. Zhao can demand, request, or obtain Binance's documents or why the Court should just assume that Ms. He would act at Mr. Zhao's direction.

Plaintiffs cite no case—and Mr. Zhao is aware of none—holding that an individual enjoys Rule 34 "control" over a company's records merely because his spouse or domestic partner serves as an executive of that company. Plaintiffs' theory would effectively collapse the control analysis into a presumption based on personal relationships, a proposition no court has endorsed. The lone case Plaintiffs invoke, *United States v. Freidus*, does not support their position. That decision turned on specific, admitted facts showing actual possession and coordinated conduct. Indeed, in that case the defendant acknowledged that he acted as his wife's agent, utilized a secretary employed by his wife, maintained the files at issue, and lived in the home where the documents were located. 1989 WL 140254, at *1–3 (S.D.N.Y. Nov. 13, 1989). The court thus found control because the defendant personally maintained and accessed the documents. *Id.* Those facts bear no resemblance to the circumstances here, where Plaintiffs have not shown that Mr. Zhao maintains, accesses, or controls Binance's records.

Plaintiffs' theory is even more untenable because it contradicts a covenant in BHL's plea agreement with the Department of Justice. Specifically, one of the government's listed considerations for the plea agreement is that BHL accepted Mr. Zhao's resignation and "prohibited him from any present or future involvements in operating or managing [BHL's] business." Plea

Hon. Barbara C. Moses
January 29, 2026
Page 4

Agreement, *United States v. Binance Holdings Limited*, No. 2:23-cr-00178 (W.D. Wash. Nov. 21, 2023), Dkt. No. 23 ¶ 8.f.xiii. Directing the co-CEO to provide access to corporate records is precisely the type of involvements in operating or managing BHL's business prohibited in this clause. Whether or not Mr. Zhao and Ms. He have a personal relationship does not change that analysis. Several prominent law firms have advised Mr. Zhao that engaging in conduct that contradicts that provision could expose Mr. Zhao and BHL to criminal liability. Plaintiffs acknowledge these constraints yet advance a theory that would require Mr. Zhao to obtain or direct access to Binance's corporate records based solely on Ms. He's corporate title, notwithstanding those constraints.

For all of these reasons, Plaintiffs have failed to establish that Mr. Zhao has possession, custody, or control over Binance's corporate records.

### B. Plaintiffs Seek Duplicative Discovery Obtainable From BHL

Even if Plaintiffs could establish control (they cannot), the sur-reply still fails because Plaintiffs do not identify any discovery that is uniquely obtainable from Mr. Zhao. As Mr. Zhao explained in his opposition, Plaintiffs' requests seek Binance corporate records that are also sought from BHL—a named defendant already subject to the Court's jurisdictional discovery rulings.

Rather than identifying documents uniquely in Mr. Zhao's possession, Plaintiffs repeatedly frame their requests as seeking "Binance documents" or "corporate records." *See* Pls. Reply. Jurisdictional discovery does not permit Plaintiffs to pursue duplicative discovery from an individual defendant merely because they are dissatisfied with the pace or scope of discovery from the corporate defendant. *See* Fed. R. Civ. P. 26(b)(2)(C)(i) (courts "must limit" requests that are "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive"). Plaintiffs' sur-reply does nothing to cure this defect. It identifies no category of documents that Ms. He's appointment purportedly places within Mr. Zhao's possession, custody, or control that Plaintiffs could not seek from BHL. That failure independently warrants denial of the motion to compel.

**\*\*\*\*\*\*\*\*\*\***

For these reasons and those set out in Mr. Zhao's Opposition, Plaintiffs' sur-reply does not satisfy Plaintiffs' burden and does not warrant compelling Mr. Zhao to produce Binance's records. The motion to compel should be denied as to him.

Hon. Barbara C. Moses
January 29, 2026
Page 5

Respectfully submitted,

*/s/ Marco Molina*

**BAKER HOSTETLER LLP**
Teresa Goody Guillén
Marco Molina
Joanna F. Wasick

*Counsel for Defendant Changpeng Zhao*

cc: All counsel of record (via ECF)