# EXHIBIT 1

withers Bergman LLP

430 Park Avenue, 10th Floor, New York, New York 10022-3505
t: +1 212 848 9800
f: +1 212 848 9888
www.withersworldwide.com

April 22, 2026

**VIA ECF**

Hon. John G. Koeltl
United States District Court Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

      **RE:**    ***Raanan et al. v. Binance Holdings Ltd. et al.*, No. 1:24-cv-00697 (S.D.N.Y.)**

Dear Judge Koeltl:

On behalf of Binance Holdings Limited ("BHL"), we write pursuant to Section III.B of Your Honor's Individual Practices to respectfully request that the Court conduct a pre-motion conference to discuss Defendants' proposed renewed motion to dismiss the Amended Complaint ("AC" (ECF 17)) pursuant to Federal Rule of Civil Procedure 12(b)(6).

On February 25, 2025, the Court granted in part and denied in part BHL's and Changpeng Zhao's (with BHL, "Defendants") first motion to dismiss Plaintiffs' Amended Complaint (ECF 19) pursuant to FRCP 12(b)(6).[1] (MTD Op. at 44-71.) Specifically, the Court found that Plaintiffs had not adequately alleged a primary violation of the Anti-Terrorism Act of 1990 ("ATA") (18 U.S.C. § 2333(a)), as amended by the Justice Against Sponsors of Terrorism Act ("JASTA") (18 U.S.C. § 2333(d)).

But the Court found that Plaintiffs had adequately pleaded an aiding-and-abetting claim under JASTA. The Court found that the Amended Complaint sufficiently alleged that Defendants provided knowing and substantial assistance to FTOs. (MTD Op. at 61-71.) On that issue, though the Court stated that "a close nexus" between Defendants' alleged conduct and the terrorist attacks was "lacking," the Court found Defendants' "alleged widespread, intentional circumvention of anti-terror financing regulations, considered with [their] purported knowledge that Hamas and PIJ were transacting on the Binance platform, support the inference that [their] assistance was knowing." (*Id.* at 70.)

However, following the Court's decision on the first motion to dismiss, subsequent controlling and persuasive caselaw from the Supreme Court, the Second Circuit, and this Court have narrowed and clarified the standard for sufficiently alleging aiding-and-abetting liability under JASTA. For example, in *Smith & Wesson Brands, Inc. v. Estados Unidos Mexicanos*, the Supreme Court held that "[A]n ordinary merchant does not become liable for all criminal misuses of his goods, even if he knows that in some fraction of cases

---

[1] The Court also granted in part and denied in part that portion of Defendants' motion to dismiss arguing that certain Plaintiffs lacked standing, and denied without prejudice Defendants' motion to dismiss for lack of personal jurisdiction. (Motion to Dismiss Opinion (ECF 53 ("MTD Op.")) at 8-44.)

direct: +1 212 848 9882
fax: +1 212 824 4282
e-mail: christopher.lavigne@withersworldwide.com
admitted in New York

Withersworldwide

London  Cambridge  Geneva  Milan  Padua  Sydney
Hong Kong  Singapore  Tokyo  British Virgin Islands
New York  Greenwich  New Haven  San Francisco
Los Angeles  Rancho Santa Fe  San Diego

misuse will occur. The merchant becomes liable only if, beyond providing the good on the open market, he takes steps to promote the resulting crime and make it his own." 605 U.S. 280, 292 (2025) (cleaned up).

In *Ashley v. Deutsche Bank Aktiengesellschaft*, the Second Circuit rejected the plaintiffs' JASTA claims because "it is not enough to say that the defendant assisted the terrorist organization's 'activities in general,' [and] the complaint offers no discernable nexus between the [defendants' conduct] and the attacks committed against Plaintiffs." 144 F.4th 420, 444 (2d Cir. 2025) (internal citation omitted). In *Ashley*, the defendant banks were:

> alleged to have culpably executed financially suspect transactions writ large, not in a manner that actively sought to "associate[ ] themselves" with the Syndicate's "operations" or to form "a near-common enterprise" with the Syndicate. *See* [*Twitter Inc. v. Taamneh*, 598 U.S.] at 502, 143 S.Ct. 1206. With each money laundering scheme, the Syndicate was at least one step removed, and the endpoint of the laundered money was entirely amorphous. As pled, the Banks may have opened their doors to criminals with ties to terrorists to clean their money—a portion of which was likely to end up in the Syndicate's pile of resources. That is insufficient.

*Id.* at 445.

And in *Troell v. Binance Holdings Ltd.*, the Honorable Judge Jeannette A. Vargas dismissed a virtually identical JASTA claim brought by victims of the same attacks (among others) at issue here against the same Defendants in this case, finding that under *Ashley* the plaintiffs did not show a plausible nexus between Defendants' purported conduct and the relevant terrorist attack.[2] 2026 WL 636849, at *22 (S.D.N.Y. Mar. 6, 2026). Judge Vargas found:

> The instant case is analogous to *Ashley.* It is not alleged that Defendants uniquely flouted AML/CFT regulations and reporting requirements for the benefit of Hamas or the PIJ. These entities were not given special accommodations, other than those made available to any VIP customer on the platform. Rather, the allegations are that the Binance exchange permitted all sorts of illicit actors to engage in transactions unchecked, routinely refused to file SARs for any suspicious transactions, and took elaborate steps to protect the accounts of any VIP user. Nothing on these facts suggests that Defendants sought to form a common enterprise with Hamas or the PIJ, or any FTO for that matter.

*Id.* at *21. In the *Troell* case, Judge Vargas acknowledged that *Ashley* and her decision reached a different conclusion from this Court's decision on the first motion to dismiss, but concluded that "the application of *Ashley* to the facts . . . require[d] dismissal of" the JASTA claim. *Id.* at *22. In so doing, Judge Vargas found that "allegations of 'widespread, intentional circumvention of anti-terror financing regulations, considered with the defendants' purported knowledge that Hamas and PIJ were transacting on the Binance platform' and that such transactions had a value of approximately $60 million," are not, post-*Ashley*, sufficient to set forth a viable JASTA claim. *Id.* at *22 ("*Raanan* was decided before the Second Circuit's decision in *Ashley*. The Court concludes that application of *Ashley* to the facts of this case requires dismissal of Plaintiffs' aiding-and-abetting claims.").

*Smith & Wesson*, *Ashley*, and *Troell* establish the principle that Defendants' "general awareness" of the role the Binance exchange may have played in terrorist financing is insufficient to state a JASTA aiding and

---

[2] *See also Fraenkel v. Standard Chartered Bank*, 2025 WL 2773251, at *10-11 (S.D.N.Y. Sept. 26, 2025) (noting that *Twitter* and *Ashley* "foreordain the outcome of this case" and dismissing the JASTA aiding-and-abetting claim because "[e]ven though SCB clearly engaged in some wrongdoing with regard to evading sanctions regimes and assisting customers to evade those sanctions, this conduct is far too attenuated to establish a direct nexus between SCB's conduct and the [terrorist attacks]").

2.

abetting claim, and that Plaintiffs must "establish a *definable* nexus between Defendants' conduct and support for specific terrorist attacks." *Troell*, 2026 WL 636849, at *16 (emphasis added); *see also Ashley*, 144 F.4th at 438-39. Because this Court did not have the benefit of these significant and precedential decisions from the Supreme Court and Second Circuit, and the *Troell* decision, in ruling on the first motion to dismiss, BHL submits that renewed briefing on the sufficiency of Plaintiffs' remaining JASTA claim is appropriate and warranted here.

BHL also intends to move this Court (or, as appropriate, Magistrate Judge Moses) for a stay of jurisdictional discovery during the pendency of the briefing and determination of the renewed motion to dismiss. Good cause exists for a stay, because the proposed motion to dismiss, if granted, would resolve the entire case, obviating the need for any further discovery. *Ema Fin., LLC v. Vystar Corp.*, 336 F.R.D. 75, 79 (S.D.N.Y. 2020) (setting forth applicable factors for a discovery stay when "resolution of a preliminary matter may decide the entire case"). "[A] stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion 'appear[s] to have substantial grounds' or, stated another way, 'do[es] not appear to be without foundation in law.'" *Johnson v. New York Univ. Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (quoting *In re Currency Conversion Fee Antitrust Litig.*, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002)); *see also Chrysler Capital Corp. v. Century Power Corp.*, 137 F.R.D. 209, 210-11 (S.D.N.Y. 1991) (similar). Such a stay is appropriate for the additional jurisdictional discovery ordered by Judge Moses (ECF 101), given the burden of collecting and producing additional information which will be moot if the remaining JASTA claim is dismissed. It is notable in this regard that in light of the *Troell* decision, which provided plaintiffs the opportunity to replead, Judge Vargas and the parties agreed to stay prior ongoing discovery pending the outcome of any renewed motions to dismiss. (*Troell*, ECF 216 (Apr. 14, 2026).) Similarly here, the renewed motion to dismiss has significant and substantial grounds based on recent binding precedent and, therefore, a stay of discovery pending resolution of that motion is merited.

On April 20, 2026, the parties met and conferred concerning BHL's proposed renewed motion to dismiss and proposed motion to stay. On April 21, 2026, Plaintiffs stated that they do not consent to the proposed motion to stay, and did not express a definitive position on the renewed motion to dismiss.

For the reasons set forth herein, BHL requests that the Court schedule a pre-motion conference for its proposed renewed motion to dismiss pursuant to FRCP 12(b)(6). Alternatively, BHL submits that an additional conference will not meaningfully narrow or focus the dispute between the parties concerning the sufficiency of the Amended Complaint. Should the Court agree, BHL respectfully requests that leave to brief the renewed motion to dismiss be granted without a pre-motion conference.

We thank the Court for its consideration of this request.

Respectfully submitted,

*/s/ Christopher N. LaVigne*
Christopher N. LaVigne
Joseph Gallo
Alexander Haden
Withers Bergman LLP
*Counsel for Defendant Binance Holdings Limited*

cc: All attorneys via ECF

3.