UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:    5/26/26

JUDITH RAANAN, et al.,

           Plaintiffs,

-against-

BINANCE HOLDINGS LIMITED, et al.,

           Defendants.

24-CV-697 (JGK) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

By letter-motion dated May 8, 2026 (Def. Mot.) (Dkt. 117), defendants Binance Holdings Limited ("BHL" or "Binance") and Changpeng Zhao seek a stay of ongoing jurisdictional discovery, pursuant to Fed. R. Civ. P. 26(c), pending decision on their renewed motion to dismiss plaintiff's complaint (Dkt. 114), which was filed earlier that same day pursuant to Fed. R. Civ. P. 12(c). On May 13, 2026, plaintiffs filed a letter-brief opposing the stay motion (Pl. Opp.) (Dkt. 125), and on May 15, 2026, BHL filed a reply letter. (Dkt. 126.)[1] For the reasons that follow, defendants' motion will be granted.

## Standards

District courts have "considerable discretion" to stay discovery upon a showing of good cause, *Ema Fin., LLC v. Vystar Corp.*, 336 F.R.D. 75, 79 (S.D.N.Y. 2020), which can be furnished by the pendency of a motion to dismiss that presents "substantial arguments for dismissal." *Id.* (quoting *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (cleaned up)). In evaluating whether the movant has demonstrated good cause, courts typically consider "(1) the breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion." *Hong Leong Fin. Ltd. (Singapore)*, 297 F.R.D. at 72 (quotation

---

[1] Plaintiffs then filed an unauthorized sur-reply letter (Dkt. 127), which this Court has disregarded.

omitted); *accord Del Mar TIC I LLC v. Bancorp Bank*, 2024 WL 1348501, at *2 (S.D.N.Y. Mar. 29, 2024). Here, all three factors support the requested stay.

## Analysis

The parties are presently engaged in "limited jurisdictional discovery," designed to test the relationship between defendants' activities in this forum and their alleged financing of foreign terrorist organizations (FTOs) in violation of the aiding-and-abetting provisions of the Justice Against Sponsors of Terrorism Act (JASTA). *See Raanan v. Binance Holdings Ltd.*, 2026 WL 851333, at *3 (S.D.N.Y. Mar. 27, 2026). Plaintiffs have consistently argued that, in order to support their jurisdictional theories, they require a broad range of documents and data from both defendants, *see id.*, and this Court has agreed in part, directing defendants to produce (among other things) voluminous customer and trading data going back to 2019 for Binance's "U.S. Enterprise VIP Users," as well as comparable data for certain offshore entities owned or controlled by defendant Zhao. *Id.* at *7-8, 10-11.

The Court does not doubt that this discovery will require considerable effort and expense.[2] It will also lead, in all likelihood, to further jurisdictional discovery disputes, requiring additional effort and expense. None of this will be necessary, however, if plaintiff's motion to dismiss (premised on recent JASTA caselaw that "clarifie[s] JASTA liability for institutions alleged to have provided financial assistance to FTOs," Def. Mot. at 2) is granted. Consequently, the first factor weighs in favor of the requested stay. *See Blecher v. Goldberg*, 2026 WL 776584, at *3 (S.D.N.Y. Mar. 19, 2026) (granting a stay pending the outcome of defendants' motions to dismiss where plaintiff alleged a "predatory . . . racketeering scheme" and "[d]iscovery thus promises to

---

[2] Defendants' original production deadline was April 27, 2026. *Ranaan*, 2026 WL 851333, at *11. On April 24, 2026, the Court extended that deadline to May 27, 2026, in anticipation of defendants' renewed motion to dismiss and accompanying motion to stay discovery. *See* Dkt. 106.

be contentious") (record citations omitted); *Goldstein v. City Univ. of New York*, 2025 WL 3471131, at *2 (S.D.N.Y. Dec. 3, 2025) (granting stay where, absent such a stay, "the parties could engage in expensive litigation which could be rendered moot if the Court grants the Motion to Dismiss"); *Apuzza v. NYU Langone Long Island*, 2023 WL 4471956, at *4 (E.D.N.Y. July 11, 2023) (granting stay where "discovery would be contentious and burdensome").

The second factor also weighs in favor of the requested stay, as plaintiffs have not identified any specific prejudice that they will suffer if jurisdictional discovery is further delayed. They correctly note that the parties' progress thus far has been incremental – which they blame on defendants "discovery misconduct," Pl. Opp. at 5 – and are understandably frustrated by the prospect of a further setback. They do not suggest, however, that the jurisdictional documents and data at issue will be lost while the motion to dismiss is *sub judice*,[3] nor that delay alone will frustrate the ultimate relief they seek, which is money damages for deaths and injuries caused by the terrorist attacks perpetrated in Israel by Hamas and Palestine Islamic Jihad on October 7, 2023. *See Goldstein*, 2025 WL 3471131, at *2 (granting stay where prejudice was minimal because the relief sought was "primarily . . . monetary damages," which "do[es] not require immediate action").

Finally, defendants' pending motion to dismiss raises "substantial arguments for dismissal," *Ema Fin.*, 336 F.R.D. at 79, in light of recent JASTA caselaw, including a precedential appellate decision, *see Ashley v. Deutsche Bank Aktiengesellschaft*, 144 F.4th 420 (2d Cir. 2025), and a new opinion from the Southern District of New York that granted a motion to dismiss a similar complaint – brought against the same defendants, for aiding and abetting liability under JASTA –

---

[3] Defendants are of course "under an obligation to preserve evidence," including jurisdictional evidence, during the pendency of the stay. *Hubbuch v. Cap. One, N.A.*, 2025 WL 2161238, at *1 (S.D.N.Y. Feb. 3, 2025).

3

for failure to state a claim upon which relief could be granted. *See Troell v. Binance Holdings Ltd.*, 2026 WL 636849 (S.D.N.Y. Mar. 6, 2026). After receiving pre-motion letters and holding a conference, the district judge gave defendants leave to file their motion, which will be fully briefed in a matter of days. (*See* Dkt. 109.) Further, as noted above, that motion will likely "resolve the entire case if granted," *Pujals v. BDO USA, P.C.*, 2025 WL 2644238, at *4 (S.D.N.Y. Sept. 15, 2025), rendering jurisdictional discovery moot. *See also Haggai v. Kiswani*, 2026 WL 1283362, at *2 (S.D.N.Y. May 11, 2026) (staying discovery when "at least two courts [] previously granted motions to dismiss" a complaint based on "substantially similar allegations"). Thus, "the scales tip in favor of a discovery stay." *Pujals*, 2025 WL 2644238, at *4; *see also Del Mar*, 2024 WL 1348501, at *1 (granting stay where success on the pending motion to dismiss "would dispose of the entire action").

## Conclusion

For these reasons, jurisdiction discovery is hereby STAYED pending the district judge's decision on defendants' renewed motion to dismiss. The Clerk of Court is respectfully directed to close the motion at Dkt. 117.

Dated: New York, New York
        May 26, 2026

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**